9   315
84   29

## ALDERSON *v.* BELL AND WIFE.

Courts will take judicial notice of the signatures of their officers, as such, but there is no rule which extends such notice to the signatures of parties to a cause. When, therefore, the proof of service of process consists of the written admissions of defendants, such admissions, to be available in the action, should be accompanied with some evidence of the genuineness of the signature of the parties. In the absence of such evidence, the Court cannot notice them.

The recital in a decree that "defendants had been regularly served with process, or had waived service by their acknowledgment," is sufficient evidence that the requisite proof was produced. In the absence of all evidence on this point, the presumption would be in favor of the jurisdiction of the Court, and of the regularity of its proceedings; and, for the want of such evidence, the decree cannot be impeached in a collateral action.

The statute does not require an admission of service to designate the place where the service was made. The object of such designation, when required, is to determine the period within which the answer must be filed, or when default may be taken.

A decree cannot be impeached collaterally, because entered prematurely. The remedy is by a direct proceeding in the action.

In this State, the wife can appear in, and defend an action, separately from her husband. To enable her to do so, she must possess, as defendant, all the rights of *feme sole*, and be able to make as binding admissions in writing, in the action, as other parties.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action of ejectment brought against Alfred Bell, to recover possession of a house and lot in the city of Placerville.

Plaintiff purchased the premises under an order of sale, issued on a judgment of foreclosure of mortgage against Bell and wife, and in favor of himself. A sheriff's deed was duly executed and delivered by the sheriff to the plaintiff. The mortgage foreclosed was executed by both Bell and his wife.

Bell filed his answer, denying the allegations in the complaint, and setting up the fact that he was a married man, living on the property with his family, at the time of plaintiff's purchase under sheriff's sale, and claiming the property as a homestead. Mary Bell, wife of the defendant, intervened in the action, averring that she resided on the premises with her husband, and claimed the property as a homestead.

The only point made on the trial was as to the sufficiency of the following acknowledgment of service in the suit to foreclose the mortgage, endorsed on the complaint in that suit, viz. :

" We acknowledge service of the above complaint, and waive any other service and notice in the within-entitled cause.

"ALFRED BELL,
"MARY BELL.

"NOVEMBER 6, 1856."

The recital in the beginning of the decree of foreclosure, is as follows :

" In this action, the defendants having been regularly served with process, or waived service by acknowledgment, and having failed to appear," etc.

The Court below found that the premises in question had been dedicated as a homestead, but decided that the sale, under the decree in the foreclosure suit, divested the right of the wife in the premises, and gave judgment for the plaintiff, and defendants appealed.

*Sanderson & Newell* for Appellants.

The plaintiff, in support of his title, introduced the judgment-roll in Thos. Alderson *v.* Bell and Wife, which was objected to by defendant, but admitted by the Court, defendants excepting, and herein the Court below erred, for the following reasons :

1. The judgment-roll does not show that the Court from which it emanates ever acquired jurisdiction over the persons of the defendants, or, in other words, there is no sufficient proof of service of summons.

2. The service purports to have been made by the written admission of the defendants, and there is no proof of their signatures.

3. The written admission of service does not disclose the place where the same was made.

4. The defendant, Mary Bell, being a married woman, could not acknowledge service.

5. The judgment-roll, in order to become evidence, must embody within itself the proof of service, which cannot be shown by parol, or otherwise than by the record itself.

6. Legal proof of service cannot be presumed. It must appear upon the face of the record.

7. If the presumption can be indulged at all, it is only in cases where the person offering the record is not a party thereto. They cannot be indulged in this case, for the party offering the record is also a party to it, and therefore chargeable with full notice of all its irregularities.

As to first point, a judgment-roll which contains no appearance

or proof of service of summons, is not admissible as evidence. Moore v. Farron et al., 3 A. K. Marshall, 41 ; Bradshaw v. Heath, 13 Wen., 407.

"A judgment without notice, and without the appearance of the party against whom it was rendered, is a nullity." Enos v. Smith, 7 S. & M., 85.

The Court must have jurisdiction over the person of defendant, and it must appear affirmatively, and cannot be presumed. Wright v. Warner, 1 Long., 384 ; Clark v. Holmes, 1 Long, 390.

"Judgment cannot be rendered against a party unless he be brought into Court by legal means." Jones v. Kenney, Hardin, 96.

In this case, there was no appearance of the defendants, for the judgment is by default—nor, as we say, is there any proof of service of summons at all.

The only proof, disclosed by the judgment-roll, of service, is the written admission of the defendants, in the following words, to wit :.

"We acknowledge service of the above complaint, and waive any other service and notice in the within-entitled cause.

"Alfred Bell,

"November 6, 1856.      "Mary Bell."

This amounts to no proof of service :

1. Because it does not state place of service, in conformity with the statute. Practice Act, §§ 34, 203.

2. Because it contains no proof of the signatures. Practice Act, § 203 ; Litchfield v. Burrell, 5 Howard's Practice Reports, 341.

Proof of signature must be made, and that must be embodied in the judgment-roll. 5 How. Prac. Reports, 341 ; Practice Act, § 203.

The judgment being by default, the roll must disclose proof of service. In this case it does not, or at least the proof disclosed is clearly insufficient to give the Court jurisdiction over the persons of the defendants. That proof of service was made can not, nor was it attempted to, be supplied by parol, nor can it be presumed, as we have already shown. The judgment would have been reversed on appeal. Joice v. Youger, 5 Cal., 449.

The present plaintiff being also a party to the judgment-roll in question, is chargeable with full notice of a want of service, and, therefore, took nothing by his purchase.

Again : as to defendant, Mary Bell, being a married woman,. she can do no act, nor execute any writing, nor bind herself by any admission. Such is the general rule of law ; her legal capacity being merged in that of her husband. There are exceptions:

21

to this rule, but the present case does not come within them. Having signed with her husband, the presumption would be that she did so through his coercion.   The property being a homestead, the clearest proof should be required of service upon the wife.   No such proof being contained in the judgment-roll, and none having been supplied *aliunde*, the judgment-roll was improperly admitted in evidence, and the judgment of the Court below, in the present action, should be reversed.

*W. H. Brumfield* for Respondent.

1.  Service may be had by written admission and waiver.   § 38, Prac. Act.

2.  From the time of service the Court acquires jurisdiction over the parties, and from that time has "control of all subsequent proceedings.   § 35 Prac. Act.

3.  The written admission is not required to be accompanied with an affidavit to prove it, therefore, it can only be proved by oral testimony.  Affidavits and certificates of service are the evidence of the service, in other cases.   § 34, Prac. Act.

4.  Nor is the written opinion made part of the judgment-roll. § 203, Prac. Act.

This section is merely directory.   9 Pr. Reports, 86.

5.  A married woman is an independent defendant, and defends in her own name, and "for her own right."   § 7, Prac. Act; Kashaw *v.* Kashaw et al., 3 Cal., 212.

6.  The appellants' testimony in this case on the trial, proves that the defendant to that judgment resided in the county when the same was rendered, at the time the written admission was executed, which is *prima facie* evidence that it was done in the county where the judgment was rendered.

7.  The judgment of a Court of general jurisdiction, cannot be attacked collaterally for irregularity of the service.

The remedy is by appeal or application to the Court rendering the judgment.   Dorante *v.* Sullivan, 7 Cal. R., 279; Cook *v.* Darling, 18 Pick., 393; 2 American Leading Cases, 737; Folsom *v.* Root, 1 Cal., 375; McFadden et al. *v.* Jones et al., 1 Cal., 453; Crane *v.* Brannan, 3 Cal., 192; Webb *v.* Hanson et al., 3 Cal., 65; Bidleman *v.* Kewen, 2 Cal., 248; Buchmaster et al. *v.* Jackson et al., 3 Scam , 105, 108.

Before a judgment will be rendered by the District Court it must be shown that the Court has jurisdiction by service or otherwise.   If the service is by the sheriff it is shown by his return, if by any other person, by an affidavit; but the service by written admission is shown by oral testimony, as an ordinary warrant of attorney to confess judgment, or as any other fact is made known to a Court, when the manner of making it known is not expressly provided by statute.   The written admission is not required to be in any particular form.   Section thirty-four

does not require it to specify time and place, as is required in case of the officer's certificate, or the affidavit, for they are evidence, but it is not.

Nor is it made part of the record by section 203, but this section is merely directory.   9 Prac. Rep., 86.

And section thirty-three only regulates, or specifies, what the Court trying the case shall receive as evidence, and from the time of the service or waiver, the Court acquires jurisdiction of the parties, and has "control of the subsequent proceedings." That jurisdiction cannot be defeated, or that "control" taken away, on account of any irregularity or defect in the evidence. The Court rendering the judgment either had, or it had not jurisdiction; if it had, the jurisdiction attached from the time of the service, but section thirty-five clearly settles this point.

If Mary Bell was a proper party to the action in which the judgment of foreclosure was had, under our Practice Act, she stood upon the same footing of other defendants, except minors and others having no legal capacity to act.   She was an independent party, capable of acting for herself, and beyond the control of her husband.   Section seven of the Practice Act clearly gives her all the rights of other defendants, and makes but one exception, and that is, in some cases her husband must be made a party with her, but in all she may "defend for her own right," and her defence does not depend upon her husband, nor is it material whether he defends or not; where she is a party, with the ability to prosecute and defend, she must get into Court as other parties do.   Section twenty-nine of the Practice Act provides for service upon persons incompetent to act for themselves, and how they must be got into Court.   And section seven provides how they may appear, and defend or prosecute, and they can neither appear nor be brought in any other way.   They must appear by guardian, and can waive nothing, because they can not act (legally.)   A married woman is not required to appear by "next friend," under our Practice Act, as in New York, under § 114, New York Code.   See 3 Cal., 312.

Our Practice Act, in regard to the written admission, also differs from the New York Code, § 138.   There, the written admission, as well as the affidavit or certificate of service, must show the time and place of its execution, and be established by affidavit, and then it becomes evidence of itself.   1 Code Rep., N. S. 42; 5 How. Pr. Rep., 341.

But if there is any doubt as to the place where the written admission was executed, the appellants settle it, by showing that they resided in the county where the judgment was had at the time of the execution of the writing, and that they still occupy and claim the premises as a homestead.

But, by the written admission, Mary Bell waived no right whatever.   She had the right to make the mortgage with her

husband, apd if it was afterwards foreclosed, and the property sold, she had the right of redemption. If she had not the right to waive or admit service, she was not in the enjoyment of all the privileges of other defendants. She could not get into Court without paying, or subjecting her homestead to the additional fees of service by the sheriff. The waiver creates no further incumbrance on her property, but on the contrary, saves it from the officer's costs; and this is sometimes the object of such service, but more generally to avoid the supposed odium of having process served by the sheriff. She could defend as well after as before signing the admission.

A homestead can only be incumbered or conveyed by the joint act of husband and wife. Her separate property can only be incumbered and conveyed as required by statute. These are restrictions, but how far they bind the wife as to her separate property, may be a matter of doubt. But these cases differ from that of prosecuting or defending, for when she wishes to prosecute, she may do so in all cases where she is the proper plaintiff, just as other plaintiffs. And when sued, she defends, as any other person; and in all these cases, she acts as *feme sole*. And when by law she may act, her acts are binding.

In this case, the appellants voluntarily give the Court jurisdiction over them; permit the Court to render judgment against them; suffer the property to be sold by order of the Court; let the six months for redemption run out; and when, near a year after, sued for possession, charge the Court with improper conduct in permitting the judgment to be taken without sufficient evidence of service, and set the whole proceedings of the Court at defiance. They are too late with their complaints; if an irregularity in the proceedings did exist, they should have appealed.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

This was an action of ejectment, to recover certain premises situated in Placerville. The plaintiff asserts title to them by virtue of a sheriff's deed, executed to him as purchaser at a sale under a decree recovered against the defendants in a foreclosure case. On the trial, the plaintiff gave in evidence the record of the decree, and proceedings in the foreclosure case; to which objection was taken, on the ground that they did not disclose any service upon the defendants, as required by statute. The objection was overruled, and the plaintiff had judgment.

The only evidence of service of process or papers in the foreclosure case, is contained in the following acknowledgment, endorsed upon the complaint: "We acknowledge service of the above complaint, and waive any other service and notice in the above entitled cause," dated on the sixth day of November, 1856,

Alderson *v.* Bell.

and purporting to be signed by the defendants; and this acknowledgment, it is objected, was insufficient to confer jurisdiction upon the Court, as it is unaccompanied with proof of the signatures of the defendants, and a designation of the place where the service was made.

It is well settled, that Courts will take judicial notice of the signatures of their officers, as such; but there is no rule which extends such notice to the signatures of parties to a cause. When, therefore, the proof of service of process consists of the written admissions of defendants, such admissions, to be available in the action, should be accompanied with some evidence of the genuineness of the signatures of the parties. In the absence of such evidence, the Court can not notice them. (Litchfield *v.* Burwell, 5 Howard Pr. Rep., 346.)

In the foreclosure case, it is to be presumed that such evidence was furnished to the Court before the judgment was rendered. The decree recites that the defendants had been regularly served with process, or had waived service by their acknowledgment. This is sufficient evidence that the requisite proof was produced to establish the genuineness of the signatures of the defendants to their admission. Even if there were no such recitals in the decree, and there was an entire absence of evidence in the record on the point, still the presumption would be in favor of the jurisdiction of the Court, and of the regularity of its proceedings; and, for the want of such evidence, the decree cannot be impeached in this collateral action. (Cook *v.* Darling, 18 Pick., 393; Crane *v.* Brannan, 3 Cal., 192.)

The statute does not require an admission of service to designate the place where the service was made. The object of such designation, when required, is to determine the period within which the answer must be filed, or when default may be taken. If the judgment in the foreclosure case was entered prematurely, the remedy of the defendants must be sought by direct proceedings in that action. The decree can not be impeached collaterally on that ground. (Whitwell *v.* Barbier, 7 Cal., 54.)

In this State, the wife can appear in, and defend an action, separately from her husband. To enable her to do so, she must posses, as defendant, all the rights of a *feme sole*, and be able to make as binding admissions in writing, in the action, as other parties.

Judgment affirmed.