WESTERN PACIFIC RAILROAD CO., Appellant, v. E. P. REED et al., Respondents.

No. 1031; December 17, 1866.

**Eminent Domain—Setting Aside Report—New Trial.**—In an act giving the right to parties to condemnation proceedings, dissatisfied with the report, to move for a setting aside of the latter and for a new trial "upon good cause shown," the word "good" is to be understood as meaning sufficient.

**Eminent Domain.—On a Motion for Setting Aside the Report** of commissioners under an act for condemnation, which act, or the order of court thereunder, contains no requirement that the evidence be reported, it is not sufficient for the statement to embody the minutes of the testimony which the commissioners happen to have taken and filed with their report.

**Appeal—Service of Notice.—The Rule of the Supreme Court** that "transcripts used on appeal must show that a notice of appeal has been duly served upon the other side" does not justify a respondent in raising the point of service after the appeal has been taken, for the first time then denying the fact, when the certificate of the clerk to the transcript establishes the existence of the original document on file in his office and the record shows the acknowledgment of service with the name of the respondent affixed.

APPEAL from Third Judicial District, Santa Clara County.

S. O. Houghton for appellant; R. F. Peckham for respondents.

SHAFTER, J.—This is an appeal from a judgment rendered in a proceeding to condemn the lands of the respondents to the public use and from an order denying the appellant's motion for a new trial. The ground of the motion

was the alleged insufficiency of the evidence to justify the damages as assessed and awarded by the commissioners. The respondents insist that the plaintiffs have no right to be heard upon the appeal from the order, for the reason that the motion was not supported by a statement of the evidence in the court below, and they move that the appeal from the order be dismissed.

The thirty-first section of the act of 1861 (Acts 1861, p. 621) is as follows: "The said company, or any of said defendants if dissatisfied with the report, may within twenty days after the time for filing said report, and after ten days' notice to the parties interested, move to set aside the report and to have a new trial as to any tract of land; and upon good cause shown therefor, the said court or judge shall set aside the report as to said tract of land, and may recommit the matter to the same or to other commissioners." The act gives no clue to the causes or grounds upon which a new trial may be awarded, except such as may be suggested by the word "good," and that, in itself considered, is measurably, if not altogether, valueless for the purposes of definition. But we are not confined to the inherent force of the term, for the use of it clearly involves a reference to those matters which the law had previously distinguished as good; that is, sufficient grounds for new trials at large. It is also true that the act does not expressly point out the mode in which the grounds of the new trial asked for are to be brought to the notice of the court. It simply requires that the cause or causes shall be "shown."

But how is the showing to be made? It cannot be said that it is to be made according to the course of the common law, for there was no such thing as a new trial at common law— or at least none based upon matters dehors the record; and it follows that the legislature must have intended that the grounds in question should be shown to the court through the method established by the general legislation on the subject of new trials. The commissioners in this case filed their minutes of the testimony taken at the hearing, and this report of the evidence has been copied into the transcript. They were not required by the act to report the testimony, nor by the order of court under which they acted, and the evidence could be made available to the plaintiffs for the purposes of

their motion in the court below only by embodying it in a settled statement.

It is objected by the respondent Stevenson to the appeal from the judgment, in so far as he is related to it, that the transcript does not show that notice of the appeal was served upon him. There is a notice of appeal in the record, with an acknowledgment of service indorsed thereon to which the name of Stevenson is affixed. This is enough. The certificate of the clerk to the transcript establishes the existence of the original document on file in his office, and the authenticity of the document is, for all the purposes of this proceeding in error, established by the fact that it is there. The rule laid down in Franklin v. Reiner, 8 Cal. 340, and in Hildreth v. Gwindon, 10 Cal. 491, that "transcripts used on appeal must show that a notice of appeal has been duly served upon the other side," means nothing more than that the truth of everything contained in the transcript being assumed, the fact of services should be set forth either by direct statement, or alternatively by the mode adopted in this instance. The case of Alderson v. Bell et ux., 9 Cal. 315, instead of being opposed to this view, sustains it.

The motion to dismiss the appeal from the order is granted, and the motion of Stevenson to dismiss the appeal from the judgment is denied.

We concur: Sawyer, J.; Currey, C. J.; Rhodes, J.; Sanderson, J.