[No. 3,018.]

## SALISBURY HALEY AND JOSE DOLORES SEPUL-VEDA *v*. BAUTISTA AMESTOY AND JOSE DEL CARMEN SEPULVEDA.

ENTRY OF JUDGMENT BEFORE RULING UPON EXCEPTIONS.—The entry of a judgment before overruling exceptions which have been taken to the findings, does not vitiate the judgment.

CONSTRUCTION OF DEED—DESCRIPTION BY NAME.—Where, in an action of ejectment, the plaintiff claimed under a deed which described the land by name, as "all the undivided two thirds of all the lands known by the name of Rancho de San Vicente, situate in the County of Los Angeles and State of California," and then added a particular description which was erroneous : *Held*, that the deed was intended to convey two thirds of the whole rancho, however erroneous the particular description might be.

IDEM.—When there are two descriptions in a deed, one of which describes the premises conveyed generally by name, and the other gives a particular description by metes and bounds, which is erroneous and does not cover all the land contained in the first, the latter will be rejected.

IDEM.—A tract of land which has a well known name may be described by that name in a deed.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The defendants had judgment and the plaintiffs appealed. The other facts are stated in the opinion.

*S. Haley*, for Appellants.

The judgment is not supported by the findings. Findings and judgment were rendered and filed in favor of defendants, March 31st, 1871. On the adjournment of the Court for the term, exceptions to findings were duly filed and served on defendants, and the time fixed for the argument thereof; and on May 10th, 1871, the Court settled the findings on the exceptions and filed additional findings of fact and conclusion of law, and on the same day denied the motion for new trial.

This judgment is simply a nullity; it is not the final deter-

mination of the action.   The proceedings on the exceptions
suspended final action of the Court until the findings were
settled on the exceptions.   The additional findings rendered
and attached to the judgment roll constitute the final action
of the Court in the case, overthrowing the judgment; for
upon a trial of issue of fact by the Court, judgment shall be
entered in accordance with the findings of the Court.   (Prac.
Act, Sec. 180; *Miller* v. *Steen,* 30 Cal. 402.)

The identity of the tract described must be ascertained
in order to locate the survey.   And the expression Rancho
San Vicente, prefixed to the description, is simply a de-
finition of the location where to ascertain and fix the
boundary lines designated in the deed.   If the contracting
parties have power to define the words which they use,
their definitions can never .be attacked on the ground that
they are repugnant to the words defined.   The description
by bounds and lines is not superadded to the name San
Vicente as an alternative expression of the principal pur-
pose, but is in its very terms an exposition of the sense in
which the name is used by the parties.   (*Morrison* v. *Wilson,*
30 Cal. 347; 1 Green., Sec. 301, and notes, 350, 500; *Cald-
well* v. *Center,* 30 Cal. 529; *Colton* v. *Seavey,* 22 Cal. 496.)
Where the description of the estate intended to be conveyed
includes several particulars, all of which are necessary to
ascertain the estate to be conveyed, no estate will pass, ex-
cept such as will agree with every particular of the descrip-
tion.   (*Jackson* v. *Clark,* 7 Johns. 217; *Worthington* v. *Hylyer,*
4 Mass. 196; *Morrison* v. *Wilson,* 30 Cal. 508; *McIvers* v.
*Walker,* 9 Cranch, 178.)

*V. E. Howard* and *V. Sepulveda,* for Respondents.

Plaintiffs cannot complain of the course pursued by the
Court in filing its judgment and the original and additional
findings.   All was consistent with the statute and the prac-
tice of Courts.

The Court, on the last day of the term (March 31st, 1871), filed its judgment and original findings. Plaintiffs, on the 4th of April, filed their exceptions to the findings and judgment. On May 10th, the Judge, after a full argument on the exceptions, filed additional findings, at request of plaintiffs. All of which findings are consistent with the judgment rendered. What more do they want?

It is clear, from the language of the deed, that the intention of the deed was, in its own language, to convey "the undivided two thirds of all the lands known by the name of the Rancho de San Vicente." All Courts, English and American, hold a description by name is as good as any other. (4 Bacon, Ti. Grant; *Stanley* v. *Green*, 12 Cal. 165; *U. S.* v. *Sutherland*, 19 How. U. S.) As the evidence shows what San Vicente was and has always been considered, the description is perfect. It is clear that the particular description does not limit the quantity or boundary, as it is in mere affirmation of the description of all the rancho. It says: "The lands of said rancho being known and described as follows, to wit:" (*Piper* v. *True*, 36 Cal. 606; 2 Phil. Ev. 645; note, 489; 3 Washburn, 343; 27 Cal. 57; 12 id. 165; 27 Eng. Com. L. R. 28; 2 Abbott's Dig. 367.)

By the Court, BELCHER, J.:

This is an action of ejectment to recover the possession of certain real property in the County of Los Angeles.

The case was tried by the Court without a jury, and on the last day of the term at which the trial was had findings were filed and judgment entered for the defendants. The plaintiffs excepted to the findings filed for alleged defects therein and moved for a new trial. The Court refused to remedy the defects named and denied the motion, but made and filed certain additional findings at the request of the plaintiffs.

1. The original findings are full upon all the issues involved in the case, and the exceptions were properly overruled. The additional findings show that the plaintiffs acquired the title to certain land by their deed of September 7th, 1868, which the defendants were not in possession of, but that fact was not material to the case, and the judgment is not erroneous because it did not determine the plaintiffs' rights in that regard. Whether the plaintiffs own that part of the land not withheld by the defendants is a question which must be settled in an appropriate action when their possession is invaded or their claim denied. Nor is the judgment to be treated as a nullity and set aside because it was entered before the exceptions to the findings were overruled and the additional findings filed. The course adopted by the Court in this respect was the usual one, and was without valid objection.

2. The case shows that both parties claim under one Ramona Serrano de Sepulveda; the plaintiffs by a deed bearing date September 7th, 1868, and the defendants by a deed to Carmen Sepulveda bearing date July 31st, 1863. The deed to the plaintiffs excepts and reserves "from the operation of this conveyance the land conveyed by metes and bounds to Carmen Sepulveda by deed dated July 31st, 1863, and recorded," etc.

The principal question in the case arises upon the construction to be given to the description of the premises found in the deed of July 31st, 1863. The description is as follows: "All the undivided two thirds ($\frac{2}{3}$) of all the lands known by the name of 'Rancho de San Vicente,' lying and being situate in the County of Los Angeles, and State of California; the lands of said rancho being known and described as follows, to wit: Beginning at a pile of stones, the boundary of one Marquez and Ysidro Reyes; thence north four degrees east eleven thousand seven hundred varas to the first ravine, also the boundary of the above named persons; thence west

two and one half degrees north two thousand seven hundred
varas to the second ravine, the boundary of Machado and
Talamantes and Maximo Alanis; thence west ten degrees
west five thousand five hundred and fifty varas to an oak tree
where there is a stone, close to the road that goes to San
Fernando, and the entrance to the valley called the 'Encino,'
also the boundary of said Alanis; thence along in the moun-
tain north two degrees west ten thousand varas, where there
is water in the valley of the Encino; thence west ten degrees
north five thousand varas; thence along the valley of the
Iglesias from where there is water, ten thousand varas, in-
cluding the valley, and on to the point of beginning, con-
taining four (4) square leagues of land, more or less. A piece
of land containing four hundred varas square, more or less,
and situate at a place on said rancho known by the name of
'Derramadero,' and planted with fruit trees, is hereby espe-
cially excepted and excluded. And being well understood
that two springs of water (aguajes) shall be included within
the limits of the lands hereby conveyed."

Here are two descriptions of the premises conveyed, one
by name and the other by courses, distances, and monu-
ments. It appears from the evidence that the Rancho San
Vicente was a well known Mexican grant bounded on the
west by a grant called Santa Monica, and claimed by Mar-
quez and Reyes, on the south by the ocean, on the southeast
by a grant claimed by Machado and Talamantes, and on the
east in part by a grant claimed by Alanis. It also appears
that when the deed was drawn the only directions given by
the grantor in reference to it were that it should be so made
as to convey two thirds of the whole Rancho de San Vicente,
including the two springs and excepting the " Derrama-
dero;" that the conveyancer found the particular description
in the records of some deeds at the Recorder's office and
copied it, supposing it to be a correct description of the
rancho; that when the deed was made he took it to the

grantor and translated it to her in Spanish, and she then executed it without objection, by signing with her mark and acknowledging it.   The particular description can by no construction be made to include the whole of the rancho, and if placed on the ground according to the courses and distances named, it will, in fact, include only a small part of it.   The difficulty lies in the first three courses.   The first is north when it should be south, and the second west, when it should be east.   Moreover, to make the description complete, another course must still be supplied between the second and the third courses.

The plaintiffs solve the difficulty, as shown by their diagram, by ignoring these courses and drawing a line nearly straight from the point of beginning to the oak tree.   Thus corrected, the description includes seven thousand eight hundred and thirty-six and forty-one one hundredths acres—not more than one half of the whole rancho.   The plaintiffs, however, insist that the deed must be confined in its operation to this parcel.   If this be so, the two springs will be left about a mile and a half and the place called "Derramadero" about two miles distant from the nearest line of the land conveyed.

The defendants, on the other hand, claim that the rancho is well described by name, and that the particular description was not intended to be used in the sense of restriction, but in the sense of reiteration or affirmation, and that in so far as it is erroneous or defective it must be rejected as false.

They also claim that the first and second ravines named as termini of the first and second courses are well known monuments which lie in directions nearly or quite opposite to those called for, and that the third course was omitted by mistake and may be supplied; that thus corrected the particular description will be in harmony with the general description by name and with the intention of the grantor.

The Court below found for the defendants upon all the controverted questions, and the evidence seems to justify the findings.

That the first course should be south instead of north is clear, from the fact that in that direction only can a ravine be found which is also the boundary of Marquez and Reyes; and that the second course should be east instead of west is equally clear, from the fact that in that direction only is found another ravine, which is the boundary of Machado and Talamantes.

That a third course was omitted by mistake seems probable, from the fact that if the line be run from the second ravine to the oak tree there is excluded from the rancho a triangular piece of ground, upon which are situated the two springs and the place called "Derramadero," and from the further fact that at the end of the omitted line is only found a point which is the boundary of Machado and Talamantes, and Maximo Alanis.

But, however this may be, we are of the opinion that the rancho is well described by name, and that the particular description was not intended to be used in the sense of restriction. The language is: "All the undivided two thirds (⅔) of all the lands known by the name of Rancho de San Vicente, situate in the County of Los Angeles, and State of California, the lands of said rancho being known and described as follows." This language indicates that the dominant idea in the mind of the grantor, when the deed was made, was of the Rancho of San Vicente as a whole, and not of the particular lines or marks by which it might be described.

This being so, the deed must be held to convey two thirds of the whole rancho, however erroneous may be the particular description. (*Peck* v. *Mallams,* 10 N. Y. 532; *Stanley* v. *Green,* 12 Cal. 148.)

Judgment affirmed.