[Civ. No. 2054. First Appellate District.—November 6, 1917.]

E. O. McGRATH, Respondent, v. ARTHUR B. LANGFORD, as Sheriff, et al., Appellants.

DEFAULT JUDGMENT—OVERRULING OF DEMURRER ON HOLIDAY—REMEDY.— A judgment rendered by a justice's court for failure to answer the complaint within the time allowed by the court after the overruling of the demurrer thereto is not void, by reason of the fact that the hearing of the demurrer was had on a Saturday afternoon, which under sections 10, 133, and 134 of the Code of Civil Procedure is a legal holiday, since under section 135 of such code the hearing was continued to Monday, and the order therefore only premature and the defendant's remedy by a direct attack in the original proceeding, and not by an action in equity to enjoin a sale of his property upon an execution issued upon the judgment.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

F. J. Solinsky, and Frank R. Wehe, for Appellants.

Beggs & McComish, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in plaintiff's favor in an action brought to enjoin the sale of his property upon an execution issued upon a judgment of a justice's court rendered against the plaintiff herein in an action for work and labor, and also for goods furnished in connection with the operation of a mine, and which judgment defendant claims to be void.

The facts of the case are these: On or about January 29, 1909, W. A. Lloyd, one of the defendants herein, commenced an action in the justice's court of Mokelumne Township, county of Calaveras, against the plaintiff herein for three certain claims for work and labor, and goods alleged to have been furnished to said plaintiff and for which he had not been paid. Summons was duly issued and served in said action, and the defendant therein presently appeared by his attorney and filed a demurrer. The court, as affirmatively appears by its docket, set the hearing upon said demurrer for May 15, 1909, at 3 o'clock P. M. This date fell upon Saturday, and the stated time of hearing and trial of the issues of law raised by said demurrer was Saturday afternoon, which under the statute is a legal holiday. The defendant did not appear in person or by counsel at said time; but notwithstanding the foregoing facts the court proceeded to hear and overrule said demurrer and to order that defendant be given ten days to answer. The docket of the justice contains this entry: "Demurrer overruled. Defendant given ten days to answer, and so notified by U. S. mail." No answer being filed within the allotted time, judgment was rendered against the defendant for the sum of $215.75 and costs. No notice of the rendition of this judgment was shown to have been given the defendant, and nothing further was done in the case until somewhat more than a year later, when, as the justice's docket shows, the judgment was docketed in the judgment docket of the superior court of that county, and an execution was issued to the sheriff of Santa Clara County, which was on September 10, 1910, returned unserved. On April 13, 1913, the plaintiff in said former action caused another execution to be issued, directed to the sheriff of Santa Clara County, with an instruction to him to levy upon the property involved in this action, which was done. Thereupon and on May 13, 1913, the defendant in that action appeared in said justice's court and moved the court to set aside the said default and judgment, which motion the court denied, whereupon he instituted the present action to enjoin the levy

of said execution and the sale of his said property thereunder, setting forth in his complaint the foregoing facts, and further averring that he had no notice or knowledge of the rendition or entry of said judgment until the attempted levy of said last execution in May, 1913; and further alleging that he never owed said W. A. Lloyd anything, and that said Lloyd never had any cause of action against him and that he had a substantial defense to said former action upon the merits. The sheriff presented no defense to this action, but his codefendant, W. A. Lloyd, answered, and upon the issues thus tendered the trial court gave judgment in plaintiff's favor, from which judgment the defendant Lloyd prosecutes this appeal.

The paramount point presented upon this appeal is whether the judicial determination by the justice's court of the issues raised by the defendant's demurrer in the case before it was void because done upon and during a half-holiday, and that any later judgment which might be rendered would be necessarily predicated upon the previously void judicial action and would also be void.

Saturday afternoon has been made a nonjudicial period by the code. (Code Civ. Proc., secs. 10, 133, 134.) Section 135 of the Code of Civil Procedure provides that "if any day mentioned in section ten of this code other than a special holiday happen to be the day appointed for the holding or sitting of a court, or to which it is adjourned, it shall be deemed appointed for or adjourned to the next day." Hence when the court set the hearing upon the demurrer for May 15, 1905, at 3 o'clock P. M., the time happening to fall upon a Saturday afternoon, it was by operation of law continued to the following day, which being Sunday was, in turn, by operation of law, continued to the following Monday, at which time the defendant had notice as a matter of law to appear for the hearing of the demurrer. The fact that the demurrer was heard and overruled and the order made that defendant be given ten days to answer on the said Saturday afternoon, which was before the time allowed by law for the hearing of the demurrer, renders the order a premature rather than a void adjudication. If the defendant in that action had acted upon the statutory notice as he should have done, the premature act of the court would doubtless have been corrected upon motion and certainly would have been rectified upon appeal. Similarly, it has been held that the action of a court in rendering a judgment by default before the time allowed the defendant to an-

swer had expired was merely voidable, and could only be attacked upon motion or on appeal. (*In re Newman,* 75 Cal. 213, 220, [7 Am. St. Rep. 146, 16 Pac. 887].)

The present action is one in equity to restrain the enforcement of the judgment rendered in the former action and claimed by defendant to be void. Usually in a case where the power of a court of equity is invoked to restrain the enforcement of a judgment in a court of law, the validity of the judgment and the apparent right of enforcement is conceded. (*Metropolis Trust & Sav. Bank* v. *Barnet,* 165 Cal. 449, 455, [132 Pac. 833].) It is only upon direct attack by appeal from a judgment by default that there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant. But when an action is brought in equity to set aside a judgment at law the attack, although not collateral, is always indirect, and such an attack does not question or dispute the effect of the judgment as an adjudication, but seeks to be relieved from its operation upon equitable grounds. (*Eichhoff* v. *Eichhoff,* 107 Cal. 42, [48 Am. St. Rep. 110, 40 Pac. 24].)

Defendant's remedy was by a direct proceeding in the original action (*Alderson* v. *Bell,* 9 Cal. 315; *Whitwell* v. *Barbier,* 7 Cal. 54), and inasmuch as opportunity for relief was had in the original proceedings, equity will not now set the judgment aside. (*Chipman* v. *Bowman,* 14 Cal. 157; *Ede* v. *Hazen,* 61 Cal. 360.)

Judgment reversed.

Kerrigan, J., and Richards, J., concurred.