[L. A. No. 17608.   In Bank.   Aug. 27, 1943.]

A. W. MATHER, Plaintiff and Appellant, v. ANNA INEZ MATHER et al., Respondents; EDNA GREENFIELD, as Administratrix, etc., et al., Defendants and Appellants.

Marcel E. Cerf, Robinson & Leland for Plaintiff and Appellant.

Gavin McNab, Schmulowitz, Aikins & Wyman for Defendants and Appellants.

Don Lake and James R. Jaffray for Respondents.

THE COURT.—Plaintiff and certain defendants appeal from a final judgment, from an order granting a motion for entry thereof *nunc pro tunc*, and from an order denying a motion to set aside such judgment and the order granting entry thereof.

The facts necessary to a correct understanding of the respective positions of the parties involved may be chronologically recorded as follows:

On August 3, 1934, the plaintiff commenced this action for rescission of a certain property settlement made between himself and his former wife, the defendant Anna Inez Mather. The complaint contained three counts for the relief sought: the first two were based upon fraud and misrepresentation, and the third rested upon the alleged invalidity of the property settlement because of its having been made in the Territory of Hawaii at a time when, according to plaintiff's pleading, the laws of that jurisdiction did not permit a married woman to contract with her husband. The other defendants here appealing were joined in the action as administrators of the estate of Louis R. Greenfield, deceased, against which it

was alleged plaintiff held an approved claim with an unpaid balance of $38,699, together with accrued interest. Part of the property transferred to the defendant Anna Inez Mather under the aforesaid settlement was a one-half interest in this claim. These defendant administrators filed an answer to the complaint herein to the effect that they held on account of the claim in question, and for whom it might concern, the sum of $12,549.60; and that various assignments and notices of assignment had been served upon them affecting the said fund, the defendant Anna Inez Mather, also known as Dorothy Devore Mather, being among the claimants thereto. The defendant administrators then averred in their answer that they were holding the said sum subject to the order and direction of the court, and they asked that they might be dismissed with their costs and released from all further liability toward the parties to the action and toward all claimants to the fund. This answer was in the nature of an interpleader.

Successive demurrers were effectively interposed to the third count of the complaint, and finally on December 24, 1934, after it had been thrice restated, a demurrer was sustained without leave to amend further. On January 4, 1935, and before trial of the other counts, a purported judgment was entered to the effect that the plaintiff take nothing by his third amended third cause of action. On February 7, 1935, plaintiff filed a notice of appeal from this purported judgment.

On February 18, 1935, the cause as to the first and second counts proceeded to trial, and at the termination thereof the court made findings against the plaintiff and in favor of the defendant Anna Inez Mather. Among other facts, the court found that the plaintiff assigned and transferred to the defendant Anna Inez Mather a one-half interest in his title to the approved claim against the above mentioned Greenfield estate. As its conclusions of law the court decreed that plaintiff should take nothing by reason of his complaint, that the answering defendants should have their costs, and that a temporary injunction theretofore allowed in the action should be and was dissolved. This injunction had served to restrain the estate in question and the administrators thereof from paying any further moneys to the defendant Anna Inez Mather under the assignment made by plaintiff of the one-half

interest in his claim against the said estate. The findings of fact and conclusions of law were filed March 12, 1935. Judgment was then .entered on March 14, 1935. However, this last document omits any reference to the previous disposition of the third count upon demurrer and on its face purports to be merely a judgment entered upon the findings and conclusions of the court at the close of the trial of the first and second counts of the complaint. Notice of appeal from this purported judgment was filed by the plaintiff on March 15, 1935.

The record discloses that the appeal from the "judgment" on the first and second counts of the complaint was dismissed by this court on September 10, 1935, "for failure to file a transcript within the required time"; and that the "purported" appeal from the "judgment" on the third count was dismissed by this court on March 17, 1936, "on the ground that the judgment was not final, and therefore not appealable." (*Mather* v. *Mather*, 5 Cal.2d 617 [55 P.2d 1174].) On December 7, 1939, defendants Anna Inez Mather and Lessie G. Williams (an interested party under the aforementioned property settlement) made a motion for entry of a final judgment *nunc pro tunc* as of March 14, 1935, which motion was granted and such a judgment was so entered on December 12, 1939. It is from this judgment that the appeal herein is taken, as well as from the order granting the motion to enter such judgment and from the order denying the motion to set said judgment aside.

A basic point to be noted in consideration of the procedural history of this litigation is the status of the two 1935 "judgments" as declared by this court in prior opinions: *Mather* v. *Mather, supra,* and *Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100].) Both decisions held in substance that the entry of such successive separate judgments constituted but piecemeal disposition of a single and unseverable cause, that the judgments in question were partial not final, and were nonappealable. The case of *Greenfield* v. *Mather, supra,* was an action in interpleader commenced by the estate of Greenfield to try the issue as to the respective rights of A. W. Mather, appellant herein, and his former wife, sued therein as Dorothy Devore Mather, respondent on this appeal, to the aforementioned sum of $12,549.60. In that proceeding said husband and wife joined issue by cross-complaints and an-

swers. Under their respective pleadings the validity of the property settlement as executed in Hawaii, a point involved in the present action, became the determinative factor. Specifically illustrative of this court's viewpoint that no final judgment was ever entered in the present action, though, according to the record, the trial court had made disposition of the issues, including the matter raised upon demurrer, by responsive rulings and findings, is the discussion of the situation as presented in the interpleader proceeding. In reversing therein by decision of August 21, 1939, the judgment entered in favor of the wife's claim to the fund involved upon the theory that the matter in issue was res judicata by virtue of the entry of the judgment of March 14, 1935, in the present action, this court stated at page 233 of its opinion: "Obviously that judgment [March 14, 1935] was in no better position than the judgment of January 4th. It disposed of the first two counts of the complaint, whereas the latter judgment disposed of the third count thereof. The reasoning which this court employed in determining the character of the one judgment (*Mather* v. *Mather, supra*) is equally applicable to fix the character of the other.

"The fact that the judgment of March 14th was the second judgment to be entered did not cloak it with finality because it did not purport to embrace a final disposition of the entire cause. By express terms it was confined to only counts one and two, and erroneously failed to include a recital with respect to the disposition of count three. The appeal from the purported judgment on that count was pending; that purported judgment, being void, was in effect no judgment. Therefore, if count three in fact stated a cause of action, that cause remained pending in the trial court after the entry of the judgment on counts one and two."

Appellants' challenge of the propriety of the "final judgment" rests principally upon two grounds: its change of the findings and conclusions previously rendered by another trial judge, and its entry upon insufficient notice. The record indubitably sustains appellants' claims as to both propositions, and accordingly the discussion of other points raised by the parties in connection with the appeal from the assailed judgment becomes unnecessary.

By the judgment in question, entered in this action

on December 12, 1939, it was adjudged that plaintiff take nothing by his complaint or any of the counts thereof; that the injunction theretofore issued should be dissolved as of February 27, 1935; that the answering defendants Anna Inez Mather and Lessie G. Williams have their costs; and that the Greenfield estate and its administrators pay to Anna Inez Mather the sum of $12,549.60, admittedly in their hands subject to the order and direction of the court. To the extent of the latter provision, this judgment is clearly at variance with the combined rulings of the trial court upon the order sustaining the demurrer to the third count and the findings of fact made upon the first two counts. While, as heretofore indicated, the "judgment" of March 14, 1935, rendered at the conclusion of the trial on counts one and two of plaintiff's complaint, did not contain any express direction that the Greenfield estate pay the money held by it on account of the claim in question and previously deposited in court, it was explicitly found by the court at that time that Anna Inez Mather had but a one-half interest in said claim. In contrast to this plain finding, the judgment here on appeal purports to award her the *entire* amount of the claim. While "where findings are filed, *which constitutes the rendition of judgment,* it has been repeatedly held that the court retains power to amend or change the conclusions of law so as to point to a different judgment, and to enter a judgment different from that first announced, and that this power continues until the entry of the judgment, and *such change may be made by a judge other than the one who tried the cause"* (14 Cal.Jur. 938, and cases there cited; italics ours), such authorized amendment or change obviously is not involved here. The judgment, being based upon a finding that Anna Inez Mather was the owner of one-half of the claim against the Greenfield estate, is · erroneous in adjudging her to be the owner of the whole of said claim. Such condition of the record precludes affirmance of the judgment as a proper termination of this litigation.

Moreover, an appropriate disposition of this entire cause would require that the two purported judgments of 1935 be expunged from the record "on motion of either party after notice to the other party." (*Mather* v. *Mather, supra;* . *Greenfield* v. *Mather, supra;* Code Civ. Proc., sec. 473.) Appellants' objection to respondents' disregard of this

preliminary procedural step in effecting the entry of the "final judgment" in this case is predicated upon the following facts: Appellants' respective counsel reside in and maintain offices in the city of San Francisco, while respondents' counsel reside in and have their office in the city of Los Angeles. Notice of respondents' motion for entry of the judgment was given by mail, and only ten days intervened between the date the notice was mailed to opposing counsel and the day fixed for the hearing of the motion. It is apparent that the notice was insufficient. (Code Civ. Proc., sec. 1013.) Consequently, the trial court was without authority to act upon respondents' motion.

In view of the foregoing discussion it becomes immaterial that the judgment here in question, intended to be presently operative according to its express terms rather than to have an anterior effect, was not entered in conformity to the trial court's direction but *"nunc pro tunc* as of March 14, 1935.*"* ▆ However, in clarification of the apparent confusion of the parties as to the status of the record in this connection, it might be said that while, as above recited, respondents had applied for a *nunc pro tunc* judgment and the trial court had so ordered pursuant to their motion, such ruling became of no effect in view of the court's subsequent action in rendering a judgment dated simply "Dec. 11, 1939." ▆ Nor would there appear here to be any basis for a *nunc pro tunc* entry of the judgment—the only grounds for such antedating being the preservation of the legitimate fruits of the litigation which would otherwise be lost to the prevailing party or the correction of a deficiency in the recordation of a previous decision so as to express the true intention of the court as of the earlier date and thus conform to verity. (Freeman on Judgments, fifth ed., vol. 1, §§ 122-124, pp. 222-229; *ibid,* § 145, et seq., p. 281, et seq.; 14 Cal.Jur. §§ 40, 41, pp. 931-935; *Osmont* v. *All Persons,* 165 Cal. 587 [133 P. 480].) In the present case, as indicated by the above quotation from the opinion in the related interpleader proceeding, *Greenfield* v. *Mather, supra,* the entry of a judgment properly responsive to the prior rulings of the trial court herein—the findings made at the conclusion of the trial on the first two counts and the order sustaining the demurrer to the third count of the complaint—would simply serve to com-

plete the judgment roll in effectively disposing of all the issues in controversy by a single pronouncement of decision as to the entire case. It might further be added that, while not required, the rendition of such judgment by the judge who tried the cause—providing that he is available at the desired time to so act—would be more consistent with sound legal practice.

The remaining points to be considered require but brief comment. ■ The order granting entry of judgment *nunc pro tunc*, being an intermediate ruling of the court, is not appealable. ■ As to the order denying the motion to vacate the judgment, under the settled law of this state an appeal will not lie from such order if the grounds upon which the moving party sought to have the judgment vacated existed before the entry of the judgment and were available on appeal therefrom. (*Lawson* v. *Guild*, 215 Cal. 378, 381 [10 P.2d 459]; *Barry* v. *Learner*, 113 Cal.App. 651, 653 [299 P. 82]; *Barker* v. *Ackers*, 29 Cal.App.2d 162, 176 [84 P.2d 264]; 2 Cal.Jur. 164.) It is obvious that appellants' attempt to appeal from the order refusing vacation of the judgment merely constitutes a repetition of their appeal from the judgment.

The judgment appealed from is reversed, and the attempted appeals from the two orders hereinabove considered are dismissed.

CARTER, J.—I concur in the judgment of reversal but I cannot refrain from calling attention to the fact that the somewhat muddled situation in this case is due to the obviously erroneous decision of this court in the case of *Greenfield* v. *Mather*, 14 Cal.2d 228 [93 P.2d 100], where it was held that the judgment rendered by the Superior Court of Los Angeles County on March 14, 1935, in the case of *Mather* v. *Mather* was void. In my opinion said judgment was not void, but was a valid final judgment and not subject to collateral attack. However, the decision of this court in the case of *Greenfield* v. *Mather*, *supra*, is now final, and said decision, even though erroneous, is res judicata as to the invalidity of said judgment, and is binding upon the parties to this appeal. (3 Am.Jur. 700.) This being so, there is no escape from the conclusion reached in the majority opinion in the case at bar.

A review of the litigation between the parties to this action reveals that prior to 1934, Mr. and Mrs. Mather entered into an agreement while in Hawaii under which property possessed by them was transferred to Mrs. Mather. Thereafter Mr. Mather commenced an action in California against Mrs. Mather for the return of the property. The action was stated in three counts or causes of action, but all demanding the same relief, to-wit: restoration of the property, money judgment and cancellation of assignment. By counts *one and two*, Mr. Mather sought rescission of the agreement and return of the property because of misrepresentation, conspiracy and fraud; the *third* count pleaded the invalidity of the agreement under the law of Hawaii. (*Greenfield* v. *Mather*, 14 Cal.2d 228, 230 [93 P.2d 100].) Mrs. Mather's demurrer to the third count was sustained without leave to amend, and on January 4, 1935, a judgment (hereinafter referred to as first 1935 judgment) was entered to the effect that plaintiff take nothing by the *third* cause of action. An appeal was timely taken from that judgment. The action was thereafter tried on the *first and second* causes of action resulting in a judgment on March 14, 1935 (hereinafter referred to as second 1935 judgment), to the effect "that plaintiff (Mr. Mather) take nothing *by his complaint,* or by first and second counts thereof." (*Mather* v. *Mather*, 5 Cal.2d 617, 618 [55 P.2d 1174].) Mr. Mather appealed from that judgment and the appeal was pending when the action, which was the basis of the 1938 judgment (hereinafter referred to) was commenced, but was apparently dismissed before trial. That appeal was dismissed in September, 1935, for failure to file a transcript. (*Greenfield* v. *Mather*, 14 Cal.2d 228, 231 [93 P.2d 100].) The remittitur was later amended to read that the appeal from the judgment on the first and second counts was dismissed. The appeal from the first 1935 judgment was dismissed on March 17, 1936, on the ground it was not a final judgment and hence was not appealable. (*Mather* v. *Mather*, 5 Cal.2d 617 [55 P.2d 1174].) The court stated in the cited case that: "It is at once apparent that no *final judgment* was entered in the action *until March 14, 1935.*" (Italics ours.) This carries the clear implication that the judgment of March 14, 1935, was a final judgment. It was held to be dictum however, in *Greenfield* v. *Mather*, 14 Cal.2d 228, 231 [93 P.2d 100].

The Greenfield estate being confronted with conflicting demands for an interest therein by both Mr. and Mrs. Mather, commenced an action in interpleader against them. Mrs. Mather claimed the property of the estate by virtue of the agreement considered in the first and second 1935 judgments. Mr. Mather asserted the agreement was not binding because a husband and wife could not so contract in Hawaii (the issue raised in the *third* count in the first 1935 judgment) and asked for a cancellation to which Mrs. Mather countered by pleading the *first and second* 1935 judgments as res judicata on the validity of the agreement. The trial court held the *second* 1935 judgment to be res judicata. (*Greenfield* v. *Mather,* 14 Cal.2d 228, 230 [93 P.2d 100]), and gave judgment for Mrs. Mather (hereinafter referred to as 1938 judgment). On Mr. Mather's appeal this court reversed that judgment stating that: "Admittedly that action (the 1935 action) presented the identical issue raised by the pleadings herein with respect to the validity of the agreement." It proceeded upon the theory that the first 1935 judgment was void and that therefore the second 1935 judgment was also void. That would leave the action resulting in the 1935 judgments still pending. Whether this court might have reached the same result by proceeding upon the theory that the first judgment was not a judgment at all on the third count and the second judgment was limited to the first and second counts which were based on fraud, and hence, the issue as to the validity of the agreement by reason of the Hawaii law (the third count) had never been adjudicated, will be discussed later herein.

After the foregoing events had transpired, and on December 7, 1939, defendant, Mrs. Mather, made a motion in the action which was the basis of the 1935 judgments, for entry of a final judgment *nunc pro tunc* therein as of March 14, 1935. The motion was granted, and the instant appeal by plaintiff, Mr. Mather, was taken therefrom. The majority opinion reverses that judgment on the ground that the findings which were the basis of the second 1935 judgment were changed upon a motion made without sufficient notice thereof. This leaves the 1935 action still open and with no judgment having been entered therein.

The decision of this court in *Greenfield* v. *Mather,* 14 Cal. 2d 228 [93 P.2d 100], viewed as holding that both the 1935

judgments were void, is not correct. At most those judgments were merely irregular. The first judgment being irregular because prematurely rendered and the second because it failed to adjudicate the third cause of action, hence, splitting plaintiff's action. Generally, a premature judgment is not *void*, it is merely erroneous. (*In re Newman*, 75 Cal. 213 [16 P. 887, 7 Am.St.Rep. 146] ; see *Haley* v. *Amestoy*, 44 Cal. 132; *McGrath* v. *Langford*, 35 Cal.App. 215 [169 P. 424] ; *California C. C. Co.* v. *Crescent City etc. Co.*, 30 Cal. App. 619, 621 [159 P. 209] ; *May* v. *Hatcher*, 130 Cal. 627 [63 P. 33] ; *Gray* v. *Hall*, 203 Cal. 306 [265 P. 246].) And such judgment is not subject to collateral attack. (*Estate of Hancock*, 156 Cal. 804 [106 P. 58, 134 Am.St.Rep. 177] ; *Alderson* v. *Bell*, 9 Cal. 315; *Whitwell* v. *Barbier*, 7 Cal. 54.) The cases of *de Vally* v. *Kendall de Vally etc. Co., Ltd.*, 220 Cal. 742 [32 P.2d 638] ; *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794] ; and *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal.App. 510 [20 P.2d 129], cited in the Greenfield case do not hold that the judgment is void.

An attack on a judgment when it is pleaded as res judicata is a collateral attack and a judgment is res judicata even though erroneous. (15 Cal.Jur. 104.) The attack on the 1935 judgments in the 1938 action was therefore collateral and not effective unless the judgment was void. But even assuming that the first 1935 judgment was a nullity, it cannot be said that the second 1935 judgment was also a nullity or that it was not final. The most that could be said of it is that it failed to dispose of all the issues; that is, the effect of the order sustaining the demurrer to. the third count without leave to amend, or that it was a disposal of litigation piecemeal. A judgment may be erroneous where it fails to dispose of all of the issues, but it is final, and res judicata, and is not void or subject to collateral attack, which as we have seen was the nature of the attack in the 1938 action. (*Stark* v. *Coker*, 20 Cal.2d 839 [129 P.2d 390].) Splitting of actions is not jurisdictional and may be waived; if the defendant does not object, the judgment is binding upon him. (1 Cal.Jur. 370.) If plaintiff has several grounds for the cancellation of an agreement and urges only one, a judgment against him is res judicata as to the others. (Rest. Judgments, sec. 63.) Hence, if in the 1935 action Mr. Mather had

not raised the ground for cancellation of the agreement specified in his third count, the judgment would have been res judicata upon it. He is no better off by having raised it coupled with an order sustaining a demurrer to it without leave to amend. Assuming the judgment entered on that order was a nullity, still he could have asserted error in the order sustaining the demurrer on his appeal from the second 1935 judgment. (2 Cal.Jur. 823, 824.)

Viewing *Greenfield* v. *Mather, supra,* as holding that there was no final judgment in the 1935 action rather than that the judgments were void, the result should be the same. As we have seen, a judgment need not necessarily dispose of all of the issues to be final. But that would leave the issue on the third cause of action in the 1935 action still pending. It cannot, however, be said that it was not passed upon inasmuch as the order was made sustaining the demurrer thereto. While it is true that ruling could have been changed by the trial court, it did not do so. The preferable view is that the two 1935 judgments were in effect one judgment which became effective when the second judgment was entered.

This case presents a regrettable situation affecting both parties to this litigation. After approximately ten years of litigation the parties appear to be no closer to a final determination of their controversy than when the action was commenced. The merits of the controversy have not yet been passed upon by an appellate court. The case now goes back to the trial court to correct mere procedural errors which obviously could have been corrected on appeal from the judgment of March 14, 1935. That judgment became final upon the dismissal of the appeal therefrom for failure to file a transcript, and should have been upheld as res judicata in the case of *Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100]. The clearly erroneous decision of this court in holding to the contrary in the last cited case is the cause of this travesty on justice, but as stated at the beginning of this opinion, the decision of this court in that case is now final, and is res judicata on the issues determined thereby even though erroneous. (15 Cal.Jur. 104.)