# IRON GATE BANK *v.* BRADY.

ERROR TO THE UNITED STATES CIRCUIT COURT FOR THE EASTERN
. DISTRICT OF VIRGINIA.

No. 175. Argued February 28, March 3, 1902.—Decided March 24, 1902.

A tort by which the estate of the defendant was not increased, and the estate of the plaintiff damaged only as an indirect consequence of the alleged wrongful act of the defendant, does not, either at common law or by the statutes of Virginia, survive the death of the wrongdoer.

The plaintiff elected to go into court on an action sounding in tort, and it must abide by its election.

ON September 11, 1900, the plaintiff in·error as plaintiff commenced this action in the Circuit Court of the United States for the Eastern District of Virginia. The declaration, after stating that both parties were citizens of Virginia, alleged that the plaintiff was a state bank, chartered under the laws of that State, and the defendant, a collector of internal revenue of the United States for the second district of Virginia, and that "between the months of November, 1899, and August, 1900, the plaintiff made, issued and paid out seven hundred dollars of its circulating notes, payable to the bearer and intended to be used for circulation in ordinary business as currency. The Commissioner of the Revenue of the United States assessed upon these notes a tax of ten per cent on their face value, equal to seventy dollars, which said tax is imposed upon them by the nineteenth section of the act of Congress of February 8, 1875, and by section 3412 of the Revised Statutes of the United States, and said defendant, James D. Brady, acting as said collector of internal revenue of the United States, required of plaintiff and demanded of it that it pay said tax ; but because said action of said act of February 8, 1875, and said section 3412 of the Revised Statutes of the United States, imposing said tax upon said notes, are repugnant to the Constitution of the United States, the plaintiff refused to pay said unlawful tax ; therefore on the — day of September, 1900, the defendant forcibly

entered upon the premises of the plaintiff by virtue of a distress warrant held by him, authorizing and commanding him to collect said unlawful tax, and levied on and seized a large quantity of plaintiff's personal property, and was in the act of removing and carrying away said property to sell the same when the plaintiff, protesting against the illegality of defendant's act, paid him said tax to procure a release of its said property; that defendant well knew said acts of Congress imposing said tax were repugnant to the Constitution of the United States, and he entered upon plaintiff's premises and levied on and seized its property, well knowing that he was doing unlawful acts, and he did the same maliciously and with the purpose and intention of doing a wanton injury to plaintiff and damaging its credit, so as to do it all the harm possible, and said unlawful act has damaged its credit and done it an irreparable injury ; that the act of Congress authorizing the issue of said distress warrant to collect said unlawful tax is repugnant to the Constitution of the United States, and because all of said acts of Congress are repugnant to the Constitution of the United States, the plaintiff's case arises under the Constitution of the United States ; that said unlawful acts of said defendant have damaged the plaintiff six thousand dollars, and therefore it sues."

A demurrer to this declaration was filed, sustained and judgment entered for the defendant. Thereupon this writ of error was sued out. After the case had reached this court the defendant, James D. Brady, died, and an application was made to revive in the name of his personal representative.

*Mr. William L. Royall* for plaintiff in error.

*Mr. Solicitor General* for the United States.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

We have recently had before us a similar action against the same party, in which also was presented the question of surviv-

orship, (*Patton* v. *Brady, ante,* 608,) and to the opinion filed in that case we refer for a discussion of the question.   There the amount of property taken by the defendant as collector was over $3000; here it is only $70.   So far as a recovery of the tax charged to have been illegally levied and collected is sought, it is practically an action in assumpsit for money had and received.   Beyond that nothing is suggested but a tort, and a tort by which the estate of the defendant was not increased and the estate of the plaintiff damaged only as an indirect consequence of the alleged wrongful act of the defendant.   Such a tort does not, either at common law or by the statutes of Virginia, survive the death of the wrongdoer.   (See authorities referred to in the opinion cited.)

It may be added that it is not easy to see how upon the acts charged against the defendant there could be, even if the tax were declared illegal, any further recovery than the amount of such tax with interest.   It is true there is an averment that the defendant knew he was doing unlawful acts, that he did them maliciously and with the purpose and intention of doing a wanton injury to the plaintiff and damaging its credit, but no wrongful act is charged against him except it be in the mere collection of this alleged illegal tax.   If the tax is legal then nothing is disclosed which would give any right of recovery to the plaintiff; nothing was done by the collector in making the collection other than was strictly his duty.   So, on the other hand, if the tax be adjudged illegal, no act of wrong is shown except in the fact of compelling payment.   In other words, he is charged with doing nothing that an officer ought not to have done in attempting to make a collection.   An averment that a party has acted maliciously and with the intention of doing a wanton injury does not add to the measure of relief obtainable in an action of implied assumpsit.   If it does in any action, it is only in one sounding wholly in tort, in which malice and wantonness may sometimes justify exemplary damages.

The case stands thus: If this is to be treated as an action of assumpsit, then the amount in controversy is not sufficient to give the Circuit Court jurisdiction; if as an action of tort, then it did not survive.   But a party cannot unite the two; avail

himself of the large amount claimed on account of a tort in order to vest jurisdiction in the Circuit Court, and then on the death of the alleged wrongdoer prevent an abatement of the action, which would necessarily take place if the action was only for a tort, by reason of an averment of facts from which a contract to pay a small sum, one below the jurisdiction of the court, might be implied. In other words, he cannot call it tort to acquire jurisdiction, and contract to prevent abatement. The plaintiff elected to go into court on an action sounding in tort. It could not get in in any other way. It must abide by its election and cannot be permitted to transform its action thereafter into one of contract. Abatement must therefore follow.

No judgment was entered in favor of the plaintiff. There has been no adjudication in its favor either on the contract or the tort. What disposition ought now to be made of the case? In *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, where the action sounded wholly in tort, it was said (p. 703):

"The result is, that by the law of Virginia the administrator has no right to maintain this action, and that by the statutes of the United States regulating the proceedings in this court he is not authorized to come in to prosecute this writ of error. The only verdict and judgment below were in favor of the defendant, who is not moving to have that judgment affirmed or set aside. The original plaintiff never recovered a verdict, judgment upon which might be entered or affirmed *nunc pro tunc* in his favor. If the judgment below against him should now, upon the application of his administrator, be reversed and the verdict set aside for error in the instructions to the jury, or, according to the old phrase, a *venire de novo* be awarded, no new trial could be had, because the action has abated by his death. *Hemming* v. *Batchelor*, above cited; *Bowker* v. *Evans*, 15 Q. B. D. 565; *Spalding* v. *Congdon*, 18 Wend. 543; *Corbett* v. *Twenty-third Street Railway*, 114 N. Y. 579; *Harris* v. *Crenshaw*, 3 Rand. 14, 24; *Cummings* v. *Bird*, 115 Mass. 346.

"The necessary conclusion is that, the action having abated by the plaintiff's death, the entry must be writ of error dismissed."

We are inclined to think that such is not exactly the proper

disposition to be made of this case, because in the plaintiff's cause of action is stated a claim for the recovery of a tax, which, as alleged, it has been wrongfully compelled to pay. While the Circuit Court may not have jurisdiction of an action for that claim on account of the small amount thereof, it would not be right to leave the present judgment as a bar to an action in a court that could take jurisdiction. The proper judgment is, and it is so ordered, that the case be remanded to the Circuit Court, with instructions to set aside its judgment and enter one, abating the action by reason of the death of the defendant.

Case No. 194, between the same parties, involves the same question, and will be disposed of in the same way.

MR. JUSTICE GRAY took no part in the decision of this case.