JEFFERSON STANDARD LIFE INS. CO. v. WILSON.

(Circuit Court of Appeals, Fifth Circuit.   October 15, 1919.)

No. 3355.

1. INSURANCE &⪰400—LIFE INSURANCE POLICY INCONTESTABLE AFTER ONE YEAR FROM DATE.

Where life policy, providing that, "after one year from date," if premiums have been duly paid, it shall be incontestable, and by its concluding clause reciting that it had been caused to be signed November 15, 1916, was on June 16, 1916, delivered to insured, with a receipt for premium for interim insurance from June 1, 1916, to November 15, 1916, and a receipt for first premium on the policy, reciting, "which is hereby rendered in force from the date of this payment" to November 15, 1917, the year for contest began to run then, and not from date of policy.

2. ESTOPPEL &⪰68(4)—BY CLAIM OR POSITION IN JUDICIAL PROCEEDING.

An insurance company, which, after death of insured, brings suit to enjoin action on a life policy, alleging as ground for equitable relief that the policy would become incontestable a year from its date, and that action on the policy was being delayed till expiration of the year, is estopped to claim in that suit that the running of the year for contest was suspended by insured's death.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit by the Jefferson Standard Life Insurance Company against William Rodney Wilson, individually and as represented by his guardian. From a decree for defendant on his cross-action, complainant appeals. Affirmed.

Richard C. Kelly, of Greensboro, N. C., and Sam S. Bennet, of Albany, Ga., for appellant.

E. K. Wilcox, of Valdosta, Ga., and Clifford E. Hay, of Thomasville, Ga., for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge.   On November 8, 1917, the appellant, Jefferson Standard Life Insurance Company, a North Carolina corporation, brought in the court below a suit in equity against the appellee, a citizen of Georgia, the beneficiary named in a life insurance policy issued by the appellant to Walter Cross Culpepper, who died in December, 1916.   The bill prayed that the appellee be enjoined from bringing suit on the policy, and from transferring or otherwise changing in any way the status of it, and that the policy be canceled because of the alleged falsity of mentioned statements and representations made by Culpepper in his written application for insurance as to matters material to the risk incurred by the policy.   By cross-action the appellee sought to recover the amount called for by the policy in the event of the death of the insured, resulting from bodily injury effected solely through external, violent, and accidental means.   The appeal is from a decree in favor of the appellee on his cross-action.

The allegations of the bill as to the falsity of statements or repre-

sentations contained in the application for insurance were put in issue. The granting of the relief sought by that bill also was resisted on the ground that, when the suit was brought, the policy in question was incontestable as a consequence of the following provision of it:

*"Incontestability.*—After one year from date, if premiums have been duly paid, this policy shall be incontestable for any cause, except military or naval service in time of war when the double indemnity provisions on face of this contract shall not apply."

The facts of the case do not bring it within the exception stated in the just-quoted provision. It is not claimed that the decree appealed from is subject to be reversed, if at the time the appellant's bill was filed its right to contest the policy was barred by reason of the above-quoted incontestability clause. In behalf of the appellant it is contended that its right to contest the policy had not expired at the time its bill was filed. That contention is based on the circumstance that November 15, 1916, is the date stated in the concluding clause of the body of the policy, which is quoted below. In passing on that contention the following facts are to be considered:

Culpepper's written application for insurance was made in May, 1916. On June 16, 1916, the appellant's agent delivered to him the policy, to which was attached a written instrument of which the following is a copy:

"Jefferson Standard Life Insurance Company, Greensboro, North Carolina.

"Received thirty-six and 90/100 dollars, being the interim term premium on policy No. 46412, on the life of Walter R. Culpepper, to which policy this interim term receipt is supplementary, required to render in force this term insurance from June 1, 1916, to November 15, 1916, on which date the initial term of this policy begins. By acceptance of this receipt it is agreed:

"(a) That the conditions of said policy become the conditions of this interim term insurance.

"(b) That in the event of a claim arising during the period covered by this receipt, and provided the first annual premium under this policy has not been paid, the company will deduct from this amount payable a full year's regular annual premium under the form applied for at age of issue.

"C. C. Taylor, Secretary."

At the same time the agent delivered to Culpepper a receipt, of which the following is a copy:

"Jefferson Standard Life Insurance Company, Greensboro, N. C.

"Received one hundred eighty-nine and 35/100 dollars, being the first premium on Policy No. 46412 on the life of Walter Ross Culpepper, which is hereby rendered in force from the date of this payment to the 15th day of November, 1917, and no longer.

"This receipt will not be valid, or in any way binding on this company, unless the premium be paid in full while the insured is in good health, and this receipt be countersigned by a duly authorized agent.

"C. C. Taylor, Secretary.

"First Premium Receipt.

"Received the within named amount this 16th day of June, 1916.

"R. S. Roddenberry, Agent."

At the same time the agent collected from Culpepper the amounts of the interim term premium and of the first annual premium. The following is a copy of the concluding clause of the policy:

"In witness whereof, the Jefferson Standard Life Insurance Company has caused this contract to be signed by its president and secretary, at its home office in the city of Greensboro, N. C., on this the 15th day of November, one thousand nine hundred and sixteen."

It was disclosed that the insured was a farmer. It may be inferred that it was for his convenience that the contract was so framed that the annual premiums subsequent to the one paid would be payable in the fall, instead of in the spring.

[1] The policy, the paper attached to it, and the receipt for $189.35 were all parts of one transaction. By the express terms of the last-mentioned receipt the policy was "rendered in force" from the date of that receipt "to the 15th day of November, 1917." The paper called "Interim Term Receipt" shows that it was the purpose to make the insurance contracted for effective prior to the date stated in the concluding clause of the body of the policy. The time limit fixed by the provision in question was disclosed by the words "after one year from date"; the date there referred to not being specifically stated. The object of the provision in question being to limit the time within which the contract of insurance could be contested by the insurer, there is ground for inferring that it was intended that that time was to run from the date when the contract became subject to contest. It was subject to be contested as soon as it was in force.

The papers evidencing the transaction disclosing the date when the policy became effective, it well may be inferred that that date, and not another one several months later, stated in one of the instruments evidencing the transaction, was the one intended. It was made plain that the dates when the annual premiums subsequent to the one presently paid would be due were to correspond with the date stated in the concluding clause of the body of the policy. The contract as a whole did not show that the time allowed for contesting the policy was intended to begin on a date several months subsequent to the date on which the policy became effective and subject to contest. Considering together the several papers evidencing the transaction, the conclusion is that the provision in question had the effect of making the policy incontestable for any cause, other than the excepted one, after one year from the date of the policy becoming effective. As the policy had been in force for more than a year when the insurer undertook to contest it by suit, the asserted right to contest it on the grounds relied on was barred by the expiration of the time allowed for a contest.

[2] There was a suggestion in the argument of the counsel for the appellant that the running of the time stated in the incontestability clause was suspended by the death of the insured within that time. We do not understand that it is claimed in behalf of the appellant that it is entitled to rely on that proposition, assuming its correctness. We think it has estopped itself to do so. The averments of the appellant's bill show that it took the position that the time allowed for contesting the policy continued to run after the death of the insured, and that it would end with the 15th day of November, 1917. After the death of the insured, the grounds of contest stated in the bill were available to the appellant by way of defense to an action against it on the policy.

This being true, the appellant was not entitled to equitable relief, in the absence of special circumstances showing that it might suffer irreparable injury unless such relief was granted. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501.

The bill alleged as special circumstances calling for the equitable relief sought that the appellee was threatening and preparing to wait until after the 15th day of November, 1917, and then to institute an action on the policy, and that if the appellee should so wait the appellant would be deprived of the benefit of the alleged grounds of contest, by reason of the incontestability clause of the contract. Having, on the grounds stated, invoked the equitable jurisdiction of the court and obtained the exercise of that jurisdiction by the granting of the preliminary injunction sought, the appellant precluded itself from contending that the incontestability clause was suspended by the death of the insured within the time stated in that clause. It cannot get an equitable remedy by representing that the claimed right to contest the policy was not affected by the insured's death and that it was about to expire, and in the same suit contend that the provision in question was suspended by the insured's death, and that the right to contest the policy was not about to expire when the suit was brought. A party who, for the purpose of maintaining a suit, has deliberately represented a thing in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect in the same case. Iron Gate Bank v. Brady, 184 U. S. 665, 22 Sup. Ct. 529, 46 L. Ed. 739; Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578; Hodges v. Winston, 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241.

The right of the appellant to contest the contract sought to be canceled having been barred, under a provision of that contract, when the suit for its cancellation was brought, and the decree appealed from not being questioned upon a ground other than the denial of the asserted right to have that contract canceled, that decree is affirmed.