## FIREMEN'S INS. CO. v. BROOKS et al.

Circuit Court of Appeals, Sixth Circuit.
May 14, 1927.

No. 4667.

1. Insurance ⟐143(5)—Court will not insert joint owner's name in fire insurance policy after fire, unless mistake in omission was mutual.

Court will not reform, to conform to parol agreement, a fire insurance policy containing unconditional and sole ownership clause, by inserting after the property is burned the name of a joint owner, unless the mistake was mutual and common to both policy holder and insurer.

2. Reformation of instruments ⟐45(14)— Joint owner, seeking to reform policy after fire by inserting co-owner's name, must establish mutual mistake by clear and convincing evidence.

Joint owner, seeking reformation after fire of policy issued to him as sole owner by inserting name of the other owner, must establish mutual mistake in the omission of co-owner's name by clear and convincing evidence, where the policy is to be given full evidential force.

3. Reformation of instruments ⟐45(14)—Acceptance and retention of fire insurance policy held not to discredit holder's testimony of mistake in failure to understand to whom policy issued.

In suit after fire to reform insurance policy issued to one as sole owner, by inserting joint owner's name, acceptance and retention of the policy held not sufficient to discredit holder's uncontradicted testimony of mistake on part of owners and their agent in understanding how policy would be issued.

4. Appeal and error ⟐1009(3)—Circuit Court of Appeals will not disregard District Court's finding on conflicting evidence, in suit to reform insurance policy, unless clearly wrong.

The Circuit Court of Appeals will not disregard finding of the District Court on conflicting evidence, in suit to reform fire insurance policy, that mistake in designating one of joint owners as sole owner was mutual, in absence of clear showing the finding was wrong.

5. Estoppel ⟐68(3)—Suit at law on fire policy, stayed on learning of mistake, held not to estop plaintiff from reformation suit to insert joint owner's name.

Institution of suit at law on fire insurance policy by one designated therein as sole owner held not to estop him from seeking to reform the policy in a separate action by inserting joint owner's name, where on learning of the deficiency he requested stay of suit at law, and no prejudice resulted to insurer.

Appeal from the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Action by L. W. Brooks and others against the Firemen's Insurance Company. From a decree granting plaintiffs part of the relief prayed for, defendant appeals. Affirmed.

Francis L. Martin, of Chattanooga, Tenn. (Smith, Hammond & Smith, of Atlanta, Ga., and Miller, Miller & Martin, of Chattanooga, Tenn., on the brief), for appellant.

Joe V. Williams, of Chattanooga, Tenn. (Hanson W. Schoolfield, of Chattanooga, Tenn., on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and KILLITS, District Judge.

MOORMAN, Circuit Judge. On June 3, 1924, appellant issued an insurance policy in favor of L. W. Brooks, on a dwelling house in Dade county, Georgia. The policy contained the usual "unconditional or sole ownership clause," and after the house was burned on August 19, 1924, appellees brought this suit to reform the policy in several particulars, all of which were abandoned or denied, except that seeking to have inserted into the policy, as one of the owners of the property, the name of Annie V. Brooks, the wife of L. W. Brooks. This relief was granted.

[1] It is the first contention of the insurance company that neither party made a mistake as to the contents of the policy, and that, whatever may be said as to what appellees thought, it was certainly not shown that the agent who issued the policy was informed of the joint ownership of the property, or understood from the instructions he received that it should be issued in the names of both owners, instead of L. W. Brooks. If the contention is correct, the judgment must be reversed, because it is clear that, before a court will reform a written contract to conform to the parol agreement, it must be made to appear that the mistake was mutual and common to both parties. Hearne v. Insurance Co., 87 U. S. (20 Wall.) 490, 22 L. Ed. 395.

[2] This, as appellant contends, must be proved beyond reasonable controversy. The phrase "reasonable controversy," subject in its application, as it must be, to varying appraisals of the same facts or circumstances, states the rule, not only indefinitely, as is inevitable, but also more strongly against the one seeking the relief than is perhaps justified. What we think is a better and somewhat more definite standard of requirement, where the contract itself is to be given full evidential force, is that the attacking party must establish the mistake by clear and convincing evidence. Biser v. Bauer, 205 F. 229 (6 C. C. A.); Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063; Campbell v. Northwest Eckington Co., 229 U. S. 561, 33 S. Ct. 796, 57 L. Ed. 1330. The trial court's action resulted, as stated in its opinion, from an application of this rule.

[3] The issue of fact, as we have indicated, is presented in two aspects, one of which pertains to the appellees' understanding of how the policy would be made out, and the other to what the agent who prepared it was requested and agreed to do. Thomas Trimby acted for appellees in procuring the policy. It was a reissue, made necessary by the change in ownership of the property. Aside from the discrediting inferences that arise from the acceptance of the policy as written, and the failure sooner to discover the mistake claimed to have been made therein, it was shown without contradiction that appellees requested that the policy be issued in their joint names, and believed that it had been so done. The discrediting circumstances are not, we think, sufficient to raise any serious doubt of the credibility of the testimony of Brooks and Trimby as to this understanding.

[4] It is, however, not enough, as we have seen, that one of the parties to the contract was mistaken as to its contents, and hence the second inquiry as to the agent's understanding of the request and what he agreed to do. His testimony and that of Trimby's conflict. The trial court, who saw and heard the witnesses after reviewing the evidence and discussing the potential effect of many pertinent facts, accepted the testimony of Trimby, finding that the mistake was mutual. We cannot disregard that finding, unless upon a consideration of all the evidence we conclude that it is clearly wrong; and, notwithstanding the burden that appellees assumed, we have received no such impression from an examination of the record.

[5] It is also contended that appellees are estopped from seeking reformation by L. W. Brooks' allegation of sole ownership in a suit which he brought on the policy to collect the insurance after the property burned. Putting to one side the fact that Annie V. Brooks was not a party to that

suit, and was accordingly not bound by the statements made therein by her husband, we are nevertheless unable to find in any of the authorities cited by counsel either reason or precedent for an application of the doctrine of estoppel. In Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578, it was said: "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

It appears in the proofs here that after the fire the policy was delivered to counsel for L. W. Brooks, who prepared a petition thereon to collect the insurance, alleging, according to the statements of the policy, that Brooks was the sole owner of the property. He was not informed at the time that Annie V. Brooks had any interest in it. When his attention was called to the deficiency in the policy, this suit was brought. No prejudice had then resulted to appellant by reason of this erroneous allegation of fact, and Brooks did not thereafter continue to prosecute his suit, but immediately requested a stay of that proceeding until he could procure through equity the right to sue on the true agreement. Clearly the doctrine of Davis v. Wakelee does not apply to this state of facts.

Other cases cited are similarly inapplicable. In Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, the railway company, which was sued for failing promptly to ship some cattle, proved on the trial, as a defense, that it was impossible to ship them on a Sunday for want of cars, but on appeal suggested as an excuse the illegality of shipping on that day. The court said that the company was estopped, in view of its proof on the trial, from urging the inconsistent defense of the illegality of shipment on the Sabbath, stating that the point was merely an afterthought, suggested by the pressure and exigencies of the case. In Life Insurance Co. v. Wilson (C. C. A.) 260 F. 593, the insurance company brought a suit in equity to cancel a policy, after the death of the insured, urging as ground therefor that the policy would become incontestable a year from its date, and that action thereon was being delayed until the expiration of the year. It was found that the year had expired when the company filed its suit, and it then contended that the incontestable clause was suspended by the death of the insured, a position diametrical-

ly opposed to what was alleged in the bill as the ground of equity jurisdiction, and upon which the company had procured a preliminary injunction, and the court held, whether rightly or not we do not decide, that the company could not for the purpose of invoking equity jurisdiction and maintaining a suit, deliberately represent a thing in one aspect and thereafter take another position contradicting its own representation. In Iron Gate Bank v. Brady, 184 U. S. 665, 22 S. Ct. 529, 46 L. Ed. 739, it was held that the complainant could not sue in tort to vest jurisdiction in the United States court and after the death of the tort-feasor treat his action as one of assumpsit and thus prevent abatement; that he was bound by his election. Assurance Co. v. Association, 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109, also involved an election of remedies, it being held that the prosecution of the law action to a final decision was not an election, but "an hypothesis."

Appellees allege a mutual mistake in an insurance policy and ask that it be reformed to express the true agreement. It is not said, as indeed it could not be, that if such a mistake was made they did not have the right, upon its discovery and before the law case was filed, to have the policy reformed. Did the false allegation of sole ownership in the law case estop them from asserting an otherwise valid right? Certainly not, if, upon discovering the mistake, they acted in good faith and without prejudice to appellant. There was, of course, no mistake, if they accepted the policy knowing that it contained only the name of L. W. Brooks; but their theory is and must be that they were under the impression that it contained both names. Their failure to take action looking to reformation until after the attorney, who was misled by the policy, had filed a suit thereon, making an untrue allegation, was, as they contend, due to their continued failure to discover the mistake—a fact to be considered assuredly in connection with the other evidence tending to show that there was no mistake, but not a fact which, in view of their subsequent actions, operated as an estoppel, any more than the failure to discover the mistake before the filing of the suit so operated. If, after discovering it, they had continued to press the law case to the prejudice of appellants in this proceeding, a different question would arise; but they did not do so, but proceeded at once, as they had the right to do, to correct the mistake by a suit for reformation.

The other questions argued, such as the

effect of the Georgia security deed, are not presented on the record.

The judgment is affirmed.