## NEW YORK LIFE INS. CO. v. McCARTHY
### (two cases).

Circuit Court of Appeals, Fifth Circuit.
November 4, 1927.

Rehearing Denied December 5, 1927.

Nos. 5075, 5112.

**1. Insurance ⬤═655(2)—Insurer may show insured's misrepresentations by showing statements not disclosed by policy, notwithstanding Alabama statute (Code Ala. 1923, § 8371).**

Code Ala. 1923, § 8371, providing that insurer shall make no contract of insurance not plainly expressed in policy, does not prevent insurance company from sustaining plea of fraud or material false representations to procure policy, by evidence of statements made by insured, though such statements are not disclosed by policy or any instrument attached to it.

**2. Insurance ⬤═655(2)—Illegible portion of insured's statement in application attached to policy will not prevent use of legible portion to show fraud.**

Under provision of life policy that no statement of insured shall avoid policy unless it be in written application attached to policy, fact that part of attached copy of application, not relied on, is not plainly legible, does not prevent use of legible portion in defense of claim under policy for false and fraudulent statement.

**3. Insurance ⬤═292—Insurer held as matter of law not liable under life policy, in view of insured's false statement relative to consultation with physician.**

Insurer *held* as matter of law not liable on life policy, in view of insured's false and fraudulent statement in written application, copy of which was attached to policy, relative to consultation with doctor within five years.

**4. Cancellation of instruments ⬤═13—Insurer may sue to cancel policy after insured's death, within contestable period and before law action on policy is instituted.**

Where life policy provides that it shall be incontestable after two years from date of issue, except for nonpayment of premiums, suit to cancel policy for false representations in application, brought after insured's death, but within two years, and before institution of action at law on policy, is maintainable, since at such time insurer has no adequate remedy at law.

**5. Insurance ⬤═400—Insurer, suing to cancel policy for insured's false statements in procuring it, must act within contestable period, computed from date policy took effect.**

Insurer's right to contest life policy under two-year incontestable clause is lost, if policy is not contested by invoking judicial action to that end within two years from date policy took effect, not from date of execution of policy, though basis of attack was procuring of policy by alleged false statements.

22 F.(2d)—16

**6. Cancellation of instruments ⬤═37(1)—Bill to cancel life policy indicating policy was then existing contract held not wanting in equity, on ground that there had been accord and satisfaction.**

Bill to cancel life insurance policy for false statements of insured in procuring it *held* not wanting in equity when filed, on theory that there had been accord and satisfaction, where bill indicated that policy had not been canceled when bill was filed.

**7. Appeal and error ⬤═1152—Decree erroneously dismissing bill will be modified, to dismiss at cost of defendant, where relief prayed for is no longer necessary.**

Decree erroneously dismissing bill to cancel life insurance policy for want of equity will be modified, to dismiss bill at cost of defendant, and affirmed, where relief prayed for had ceased to be necessary.

Appeal from and in Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Suit by the New York Life Insurance Company against Leona C. McCarthy, and action by Leona C. McCarthy against the New York Life Insurance Company. From a judgment dismissing the bill in the former suit, complainant appeals. Defendant in the latter action brings error to review a judgment for the plaintiff, the cases being considered together on appeal. Decree of dismissal modified and affirmed. Judgment for plaintiff McCarthy reversed and remanded, with direction.

Gessner T. McCorvey, of Mobile, Ala. (Gessner T. McCorvey and Stevens, McCorvey, McLeod, Goode & Turner, all of Mobile, Ala., on the brief), for appellant and plaintiff in error.

Gregory L. Smith, of Mobile, Ala., for appellee and defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. These two cases are considered together, as both of them relate to a life insurance policy in the sum of $5,000 issued on February 24, 1925, by the New York Life Insurance Company (herein called the insurer) to William P. McCarthy (herein called the insured) in favor of his wife (herein called the beneficiary). The insured died on November 6, 1926. On February 1, 1927, the insurer filed a bill in equity against the beneficiary, praying that it be decreed that said policy was obtained by misrepresentations and concealment, and that the same be canceled. That bill, as it was amended, was dismissed for want of equity

on April 6, 1927, and the insurer appealed from the decree to that effect. On February 2, 1927, the beneficiary brought an action at law against the insurer for the recovery of $4,377.65, alleged to be due on said policy. That suit was tried to a jury on issues joined on pleas filed by the insurer, and resulted on May 6, 1927, in a judgment in favor of the beneficiary for the amount sued for and costs. That judgment is presented for review by a writ of error sued out by the insurer.

The suit at law will first be considered. The pleas filed therein by the insurer were the general issue and several special pleas. The special pleas set up that specified answers of the insured to written questions asked in his medical examination in connection with his written application for insurance were false, and made with intent to deceive; the following being one of those questions and insured's answer thereto: Question: "What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years?" Answer: "None." The special pleas referred to provisions of the policy and of the insured's application for insurance, which are set out below, and contained allegations to the following effect:

The answer of the insured to the questions mentioned in the several special pleas were written down by the medical examiner in the presence of the insured. The insured within five years preceding the making of the above set out answer, had consulted a physician, which fact was known to the insured at the time he made such answer. That answer was made by the insured with the intent that it be relied and acted on by the insurer, and to induce the insurer to execute the contract sued on, and the insurer believed that answer was true, was deceived thereby, and relied and acted thereon, and was induced thereby to execute the policy sued on. The insurer had no notice of the falsity of that answer until after the death of the insured, and after insurer's receipt of proofs of such death, which proofs indicated the falsity of such answer, whereupon insurer made investigation and discovered the falsity of such answer, and thereupon notified the beneficiary that the insurer elected to and did rescind said policy, because of the failure of the insured to disclose in his application for insurance material facts as to his insurability, and tendered to the beneficiary the amount of premiums paid on said policy, with interest thereon, the principal and interest aggregating $622.35. The beneficiary accepted the amount so tendered.

Undisputed evidence showed that several times within three years next preceding the date of the making of the above set out answer the insured consulted a physician with regard to an internal growth near his heart. It was agreed between the parties that proofs of death required by the policy sued on were furnished to the insurer by the beneficiary on December 8, 1926; that prior to the receipt by the insurer of such proofs of the insured's death the insurer had no knowledge or notice that the insured had, within five years prior to the making of the above set out answer, consulted or been examined or treated by a physician. It was further agreed that, upon the insurer's receipt of proofs of the insured's death, the insurer made investigation and inquiry relative to the statements, representations, and answers contained in the insured's application for insurance, including his answers to the medical examiner, and thereby obtained the first information it had that the insured had within five years prior to the making of said answer consulted or been examined or treated by a physician, and that upon obtaining such information the insurer made to the beneficiary the above-mentioned tender. Evidence showed that the amount so tendered was the amount of premiums paid by the insured, with interest thereon, and was tendered and accepted with the understanding that that was the amount which the insurer admitted it owed to the beneficiary, and that by accepting the check for that amount the beneficiary waived none of her rights to endeavor to hold the insurer for the balance of $5,000 which the insurer denied owing.

Pursuant to an order of the court below, the original of the insured's application for insurance, and of the policy introduced in evidence by the beneficiary, including the photostatic copy of such application, containing the answers to questions propounded by the medical examiner, have been transmitted to this court. It is disclosed by the original documents so sent up that the photostatic copy of the application, including the questions asked and answered, is smaller in size than the original application, and that the print and writing in the copy are correspondingly reduced. Some of the words written in ink in the original are indistinct in the copy. The questions and answers referred to in the special pleas are legible in the copy. There was no evidence tending to prove that they could not be read by normal eyes under normal conditions.

The insurer duly reserved exceptions to the following, among other, rulings of the

court: The refusal of requested instructions to the effect that, if the jury believe the evidence, they must find for the defendant; that under the evidence the jury cannot find a verdict for the plaintiff; and the refusal of the following charge requested by the insurer: "The court charges the jury that, if they find from the evidence that those portions of the copy of the application containing the answers relied on are plainly, clearly, and legibly copied in the policy, then it is immaterial if the other portions of the copy of the application attached to the policy are not plainly, clearly, and legibly expressed."

The giving by the court of the following instruction to the jury also was excepted to: "The court, at the request of the plaintiff, charges the jury that the policy sued on provides, among other things, as follows: 'The policy and the application therefor, copy of which is attached hereto, constitutes the entire contract. All statements made by the insured shall in absence of fraud be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application, and a copy of the application is indorsed upon or applied or attached to the policy when issued.' The laws of Alabama also provide that: 'No life nor any other insurance company, nor any agent thereof, shall make any contract of insurance or agreement as to policy contract other than is plainly expressed in the policy issued thereon.' Based upon these provisions, the court charges the jury that, if the defendant did not, at the time it issued the policy sued on, attach thereto a legible copy of the entire application for such insurance, it cannot defend against liability upon said policy, on account of any misstatement of fact contained in the application for the policy."

The policy contains the following provisions: "This policy takes effect as of the third day of February, nineteen hundred and twenty-five, which day is the anniversary of the policy. * * * All statements made by the insured shall, in absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued. * * * This policy shall be incontestable after two years from its date of issue, except for nonpayment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

The application subscribed by the insured contained the following: "On behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, I declare that I have carefully read each and all of the above answers, that they are each written as made by me, and that each of them is full, complete and true, and agree that the company believing them to be true shall rely and act upon them."

The manifest purpose of the above set out provision of the policy with reference to statements made by the insured and indorsing upon or applying or attaching to the policy when issued a copy of the written application was to enable the insured and the beneficiary to have at hand authentic information of statements made by the insured, which could be used in defense to a claim under the policy. Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200; Eastman v. Metropolitan Life Insurance Co., 228 Mich. 125, 199 N. W. 655. It well may be concluded that the insured, or a beneficiary named in the policy, has the full benefit intended to be conferred by that provision where the only alleged statements of the insured which are sought to be made the ground of avoiding the policy, or to be used in defense of a claim under it, are plainly disclosed by what is attached to the policy when issued as a copy of the application for insurance. No evidence adduced furnished any support for a finding that the photostatic copy attached to the policy sued on in this case was not such an instrument as enabled any person of normal eyesight, who could read the English language, to ascertain that the insured's application for insurance contained the questions and answers which were set out in the special pleas.

[1] The provision of Alabama law which is mentioned in the last above set out instruction given by the court to the jury is part of section 8371 of the Code of Alabama of 1923. The question under consideration is not affected by that statute, as that statute does not stand in the way of an insurance company sustaining a plea of fraud or material false representations to procure a policy by evidence as to statements made by the insured, though such statements are not disclosed by the policy or any instrument attached to it. Empire Life Insurance Co. v. Gee, 171 Ala. 435, 55 So. 166. It may be assumed that the policy provision under consideration has the effect of preventing the use in defense to a claim under the policy of

a statement of the insured contained in his written application for insurance, but not plainly disclosed in the copy of that application attached to the policy when issued.

[2] But we do not think that, under that provision, the fact that a part of the attached copy of the application, other than the part thereof containing a statement which is alleged to have been false and fraudulent, is not plainly legible, has the effect of preventing the use in defense of a claim under the policy of the alleged false and fraudulent statement which is plainly disclosed by the copy of the insured's application attached to the policy when issued. The insured or the beneficiary has the full benefit intended to be secured by that provision, if no statement alleged to have been made by the insured is permitted to be used in defense of a claim under the policy unless the fact that that statement was made is plainly disclosed by the copy of the insured's written application indorsed upon or attached to the policy when issued. That provision does not indicate an intention to make the right of the insurer to use in defense of a claim under the policy a statement contained in the insured's written application dependent on the copy of that application attached to the policy being perfect in every particular.

[3] The above set out question propounded to the insured called for a statement as to a fact within his knowledge. It was unlike a question as to the applicant having consulted a physician for or suffered from a specified ailment or disease. A question of the kind last referred to may call for the opinion or judgment of the applicant upon a debatable matter, as to which the applicant may be honestly mistaken in making his answer. Such questions were under consideration in the case of Moulor v. American Life Insurance Co., 111 U. S. 335, 4 S. Ct. 466, 28 L. Ed. 447, the decision in which was invoked by counsel for the beneficiary. That case did not involve the consideration of the answer to any such question as the one above set out. The question now under consideration called for a statement as to a fact material to the risk to be incurred by granting the application for insurance, as an affirmative answer would enable the insurer to make an investigation and ascertain the truth regarding the cause for the consultation or consultations, and the state of health revealed. It cannot reasonably be doubted that the negative answer to the question was calculated to deprive the insurer of an opportunity it was entitled to be afforded of making an investigation for itself and acquiring information

tion of facts material to the risk involved in granting the application for insurance.

An Alabama statute provides: "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss." Section 8364, Code of Alabama of 1923. The negative answer to the question under consideration is inconsistent with the absence of intention on the part of the insured to deceive the insurer as to the fact of the insured having consulted or been examined or treated by a physician or physicians within the time stated. We are of opinion that the representation under consideration was one as to a material fact, and that, the uncontroverted evidence showing that that representation was false, and was made with actual intent to deceive, the pleas setting up the falsity of that representation were so established as to make erroneous the court's refusal to give the instruction to the effect that, if the jury believed the evidence, they must find for the defendant. Metropolitan Life Insurance Co. v. Brubaker, 78 Kan. 146, 96 P. 62, 18 L. R. A. (N. S.) 362, 130 Am. St. Rep. 356, 16 Ann. Cas. 267; Cobb v. Mutual Ben. Ass'n., 153 Mass. 176, 26 N. E. 230, 10 L. R. A. 666, 25 Am. St. Rep. 619; Beard v. Royal Neighbors of America, 53 Or. 102, 99 P. 83, 19 L. R. A. (N. S.) 798, 17 Ann. Cas. 1199; Fidelity Mut. Life Association v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813.

The bill in equity alleged the execution of the policy, the death of the insured, the receipt by the insurer of proofs of death, the making of false and fraudulent statements by the insured, the discovery by the insurer of the falsity of such statements, as above narrated, that upon such discovery the insurer elected to and did rescind the policy, and thereafter paid to the beneficiary $622.35, that being the amount, with interest, received by the insurer in premiums on said policy, and contained the following averment: "The plaintiff further avers that the said policy by its terms is incontestable after two years from its date of issue except for nonpayment of premiums, and the said defendant, Leona C. McCarthy, has not sued plaintiff to recover on said policy, and unless the plaintiff can now obtain the relief hereby prayed plaintiff is liable to, on account of the incontestable clause contained

in said policy, lose its opportunity to make its defense thereto and thereby suffer irreparable damage from which it can have no adequate remedy at law."

In this court the beneficiary moved that the appeal be dismissed on the following grounds:

"First. Because the appellant, after filing the bill of complaint in said cause in the United States District Court for the Southern District of Alabama, contested its liability under the policy described in said bill of complaint, by pleas filed in an action at law brought by the appellee in the above-entitled cause, upon the policy of insurance, which is the subject-matter of controversy between the parties in each of said causes. Said pleas set up the same matters alleged in the bill of complaint in the above-entitled cause and relied on for relief therein, and issue was joined upon said pleas.

"Second. Because, after the bill of complaint was filed in the above-entitled cause in the United States District Court for the Southern District of Alabama, appellee brought an action at law against appellant, upon the policy of insurance referred to in said bill of complaint, and, in defense of said action, appellant pleaded thereto the same matters set up in said bill of complaint as a basis for the relief there prayed. Issue was joined upon said pleas, and said cause was tried by a jury upon the issues so joined, and said issues were by said jury found in favor of appellee and a judgment rendered by said United States District Court for the Southern District of Alabama accordingly.

"Third. Because the record in this court shows that appellant had an adequate remedy at law for the matters complained of in the bill of complaint filed in the above-entitled cause and availed itself thereof."

[4, 5] Where a life policy provides that it shall be incontestable after two years from its date of issue, except for nonpayment of premiums a suit in equity to cancel the policy because of false representations in the application, brought after the insured's death, but within the two years, and before the institution of an action at law on the policy, is maintainable, as at the time the suit is brought the insurer has no adequate remedy at law. Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886. Under the terms of the policy now in question, the insurer's right to contest it would have been lost, if the insurer had not contested the policy by invoking judicial action to that end within two years from the date the policy took effect, not from the date of the execu-

tion of the policy, which is charged to have been procured by alleged false statements. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Northwestern Mutual Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496; Jefferson Standard Life Ins. Co. v. Wilson (C. C. A.) 260 F. 593.

[6] It is to be noted that the bill in equity was filed next to the last day allowed for contesting the policy. It was contended in the argument for the beneficiary in this court that the bill is without equity, because it shows that the beneficiary accepted the amount alleged to have been paid to her by the insurer, with the result that there was an accord and satisfaction of the beneficiary's entire claim, which constitutes a good defense at law to any further demand based on the policy. The bill contains no allegation of the acceptance by the beneficiary of the $622.35 alleged to have been paid to her. It does not show how that payment was made; that it was made by delivering the money to her in person or by shipping or sending it to her. The averments of the bill do not show that prior to the filing of it the beneficiary had actually received the money, or had had a reasonable time to determine whether she would or would not accept the amount stated, which she was entitled to receive, whether the policy was or was not canceled, as under the terms of that instrument the insurer could not bring about a cancellation without repaying the amount of premiums paid, with interest, and if the policy remained uncanceled and was enforceable the beneficiary was entitled to receive $5,000. The bill as a whole, including its prayer, plainly indicates that when it was filed the policy had not been canceled by the act or consent of the parties, and that it was then so far an existing contract as to be capable of being canceled by the decree prayed for. We conclude that the contention under consideration is not sustainable, that the bill was not wanting in equity, that the filing of it was effective to contest the policy within the time allowed for a contest, and that the court erred in dismissing it for want of equity. It follows that the motion to dismiss the appeal should not be granted, and that the decree appealed from should not be affirmed without modification.

[7] But what has occurred since that decree was rendered makes the further prosecution of the suit in which it was rendered unnecessary for the protection or enforcement of the right of the insurer which was asserted in that suit. The asserted right of the insurer

to challenge and defeat the policy because of alleged false statements made by the insured to procure it has been asserted by the insurer in pleas to an action at law on the policy, and the insurer has the benefit of the enforcement of that right as a result of the decision of this court now made in the suit at law. As the insurer was entitled to maintain the equity suit when it was brought, but since then the granting of the equitable relief prayed for has ceased to be necessary for the protection or enforcement of the right asserted, as a result of the insurer having and availing itself of an opportunity to assert that right in a court of law, we think that the equity suit is properly disposed of by so modifying the decree appealed from as to make it one dismissing the bill at the cost of the defendant, the appellee here, and affirming that decree as so modified.

In case No. 5075, the decree appealed from is modified as above indicated, and, as so modified, is affirmed; the costs of the appeal to be taxed against the appellee.

In case No. 5112, because of the above-mentioned errors in refusing to give instructions requested, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.