HARTLEROAD v. SEWARD.

[No. 15,371.   Filed January 6, 1936.]

Russell J. Wildman and George T. Stevens, for appellant.

Parker, Crabill, Crumpacker & May, Kitch & Kitch, George N. Beamer and Woodson S. Carlisle, for appellee.

CURTIS, C. J.—The appellant's brief correctly and succinctly states the nature of the action in the trial court as follows:

"This is an action brought by the appellant Bessie Hartleroad against the appellee Charles A. Seward

wherein she seeks to recover damages by reason of personal injuries which she sustained while riding in an automobile which was owned and driven by the appellee. Her action was in two paragraphs, the first paragraph of complaint being predicated upon the theory that she was not a guest of appellee and that her injuries were the proximate result of the negligence of the appellee in the operation of his automobile, and the second paragraph of complaint was predicated upon the theory that she was the invited guest of the appellee and that her injuries were the proximate result of conduct on the part of the appellee which amounted to a reckless disregard of her rights."

Each paragraph of the complaint was amended but the theory of each remained the same. A demurrer was sustained to the amended first paragraph of complaint and overruled as to the amended second paragraph. The appellee then filed a general denial to said remaining paragraph. Upon the issues thus formed there was a trial before a jury resulting in a verdict for the appellee upon which judgment was rendered. This appeal is from that judgment.

It will not be necessary to go into the merits of this appeal for the reason that a motion to dismiss the appeal has been filed which must be sustained. This verified motion presents the uncontroverted fact that after this appeal was perfected and the cause fully briefed, that the appellee died. As the action was one arising out of an alleged injury to the person it died with the death of the appellee, it not coming within any of the exceptions contained in the statute. See: Section 2-402, Burns 1933.

It must, therefore, follow that the appeal in the instant case abates. See: *Hudson* v. *Indiana Union Traction Company* (1912), 50 Ind. App. 292, 98 N. E. 188; *Detwiler, Admx.* v. *Culver Military Academy et al.* (1930), 91 Ind. App. 355, 168 N. E. 268.

Where the real question in controversy has become moot as in the instant case, the cause will be dismissed unless these is some question of general public interest involved in the appeal. There is no such question in this appeal. See: *Fox* v. *Holman* (1933), 95 Ind. App. 598, 184 N. E. 194, and cases cited therein.

The motion to dismiss the appeal is sustained and the appeal dismissed.