ALBERT NICORA, ANNA NICORA AND MARY
BERTOLINO, APPELLANTS *v.* PETER DEMOS-
THENES, ADMINISTRATOR OF THE ESTATE OF JOHN
SCABOLUS, DECEASED, RESPONDENT.

No. 3670

April 14, 1952. 243 P.2d 253.

*Ernest S. Brown,* of Reno, for Appellants.

*Bert M. Goldwater* and *David Goldwater,* of Reno, for
Respondent.

## OPINION

By the Court, BADT, C. J.:

This case is before us on motion of the respondent Peter Demosthenes, as administrator of the estate of John Scabolus, deceased, heretofore substituted for the decedent, to dismiss the appeal of Albert Nicora, Anna Nicora and Mary Bertolino, appellants.

The main question presented for determination is: Does an action for wrongful death survive the death of the alleged wrongdoer where the wrongdoer dies after verdict in his favor but before a decision on appeal?

In April, 1950, Alexander Nicora was injured while riding in a truck owned by John Scabolus. Nicora commenced an action for personal injuries against Scabolus, but died as a result of his injuries before trial, and his widow and two surviving children, the present appellants substituted as plaintiffs, proceeded against Scabolus for damages for the wrongful death of Nicora. A verdict was returned in favor of Scabolus, judgment was rendered thereon and a motion for new trial denied. Plaintiffs perfected an appeal, but after all briefs on appeal had been filed and the appeal set for oral argument, Scabolus died. His administrator, substituted pursuant to stipulation, then moved to dismiss the appeal on the ground that the death of Scabolus had abated the action and rendered the appeal moot.

In support of the motion to dismiss the appeal, respondent relies upon Estes v. Riggins, 68 Nev. 336, 232 P.2d 843, decided by this court June 15, 1951. Construing secs. 8554 and 9194, N.C.L.1929, and sec. 240.01 N.C.L.1931–1941 Supp., we definitely held that in this state a cause of action by the widow and children for the wrongful death of the husband and father did not survive the death of the wrongdoer. These sections are referred to at length in Estes v. Riggins, supra, and need not be set forth here. Appellants do not question the propriety of our holding in that case, but rely upon

the provisions of sec. 8561, N.C.L.1929, reading as follows:

"An action shall not abate by the death or other disability, of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. After verdict shall have been rendered in any action for a wrong, such action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action now survives by law."

It is clear that the foregoing section does not provide for the survival of a *cause of action* but simply for the non-abatement of *actions*. Notwithstanding the final sentence of the section quoted, it is still necessary that a cause of action be shown upon which the *action* may rest.

Appellants insist that the survival or continuance of the cause of action mentioned in the first sentence of the section serves in no way to limit the express provisions of the last sentence. They point out that the last sentence of the section providing that the action shall not abate by the death of any party after verdict, includes by its terms "any action for a wrong," thus specifically including an action for wrongful death. They say that this sentence further recognizes the lack of limitation by providing that in such situation the case shall proceed thereafter in the same manner *as in cases* where the cause of action now survives by law. They insist that there is a logical consistency in the statutory provision that in the event of the death of a party (1) the "action shall not abate" but "the case shall proceed," and (2) the fact that the cause of action does

not survive or continue; and that this is so because the cause of action is now merged in the verdict; that such verdict has become a property right of appellants; that, although the verdict was adverse to appellants, the right of appellants to have the case "proceed thereafter" necessarily embraced the right to attack the verdict (and the judgment based thereon and the order denying new trial) by appeal, since it has in the interim no finality; that under well-recognized principles of law, the final judgment as ordered by this court would be entered nunc pro tunc as of a date anterior to the death of the defendant.

None of these contentions can prevail against the two outstanding facts: (1) Appellants no longer have a cause of action for wrongful death. (2) The verdict in the case was in favor of defendant.

Appellants concede "that in cases where the cause of action does not survive, the death of a party pending an appeal from a judgment for the defendant abates the action." Indeed the authorities so conclusively establish this view, in the absence of any statute to the contrary, as not to permit of dispute. See annotation to Lew v. Lee, 62 A.L.R. 1048, 1053, where numerous cases are cited in support of the statement that, in cases where the cause of action does not survive, the death of a party pending an appeal from a judgment *for the defendant* abates the action. See also Bank of Iron Gate v. Brady, 184 U.S. 665, 22 S.Ct. 529, 46 L.Ed. 739; Hartleroad v. Seward, 101 Ind.App. 254, 199 N.E. 168; also 1 C.J.S. 175, Abatement and Revival, sec. 128. Appellants concede this general rule, but refer us to Vitto v. Farley, 6 App.Div. 481, 39 N.Y.S. 683, claiming that this case held contra and that in view of the similarity of the New York code provisions to our own we should be inclined to follow it. In that case however, while it is true that the order appealed from favored the defendant, the verdict itself was in favor of the plaintiff. This verdict had been set aside and a new trial ordered, from which

order an appeal had been taken to the appellate division of the supreme court (the trial court). The appeal under immediate consideration was from the denial of the plaintiff's motion to substitute the defendant's executors. It was held that the verdict *for plaintiff* had not been absolutely annihilated by the order setting it aside, as it was still capable of being restored to life. In its logical effect Vitto v. Farley simply follows the reasoning of the cases holding that the action does not abate by the death of the wrongdoer after a verdict *in favor of the plaintiff.*

Appellants also rely upon In re Pillsbury's Estate, 175 Cal. 454, 166 P. 11, 3 A.L.R. 1396, reviewing sections of the California code corresponding to sec. 8561 N.C.L. The case is an interesting one and outlines the situation arising in actions of this kind where a verdict has been rendered *for the plaintiff* and the case is ripe for judgment but where the defendant dies before the entry of such judgment, the delay in such entry not being the fault of the parties or being caused through inadvertence of the ministerial officers of the court. In such instances it is generally held that the judgment may be entered nunc pro tunc as of a date anterior to the defendant's death. Thus there are preserved to the plaintiff the legitimate fruits of the litigation, and the working of an injustice to the party prevailing in the action is prevented. Mather v. Mather, Cal., 134 P.2d 795, and particularly Mather v. Mather, 22 Cal.2d 713, 140 P.2d 808, referring to the Pillsbury case. In any event, cases involving the propriety of entering a nunc pro tunc judgment where the defendant has died after verdict for plaintiff but before judgment are not in point here. Such situation is not involved. Nor to any greater avail is appellants' theory that their cause of action merged into the verdict or into the judgment which thereupon became a property right of appellants. The verdict and judgment went for the defendant. Bank of Iron Gate v. Brady, supra.

Appellants further concede that if the action of this

142

court upon the appeal on the merits should be a reversal of the judgment for defendant and a remand for a new trial, the trial court would have no alternative other than to dismiss the action under authority of Estes v. Riggins, supra. They insist however, that if we find reversible error in considering the appeal on the merits, we need not remand the cause for new trial but may direct the entry of judgment for the plaintiffs.[1] In support of this contention appellants cite Nyberg v. Kirby, 65 Nev. 42, 188 P.2d 1006, 193 P.2d 850 in which it is said that such action was taken. Such however was not the order in Nyberg v. Kirby. There the lower court had erroneously held that the plaintiff was a guest and could, under our statutes, recover only upon a showing of gross negligence and that the doctrine of *res ipsa loquitur* did not apply. In reversing, we remanded the case for a limited new trial on the issue of the extent of damage only. The defendant was still living and there was nothing to prevent the court from proceeding with a new trial of such issue.

This brings us to appellants' last contention, which is that, conceding that respondents are correct in the propositions of law advanced, the matter must nonetheless be determined upon the merits and not upon a motion to dismiss the appeal. If we were presented with a situation in which we should have to examine the record to ascertain the possibility of directing the entry of a judgment in favor of plaintiffs and against the defendant nunc pro tunc in a fixed amount and without further trial, then both this ground of opposition to the motion and the last preceding ground of opposition might have some weight. We should indeed have to imagine a most unusual kind of situation for this to be the case.[2] Appellants would assuredly have presented such circumstances if they existed—nay, it would have

[1] It is significant that appellants' opening brief on the merits asks that the case be remanded for a new trial.
[2] In Bank of Iron Gate v. Brady, 184 U.S. 665, 22 S.Ct. 529, 46

been their duty to do so. We are forced to the conclusion that even if we permitted this appeal to be presented on the merits and even if we reversed the judgment and the order denying new trial, the case would have to be remanded *for a new trial* and inevitably face dismissal in the lower court upon a showing of the death of the defendant. For us to burden this court and the lower court and the parties and their counsel with the useless expenditure of time and money thus involved to no purpose appears to us entirely unwarranted. In our opinion the entire matter became moot with the death of Scabolus and the appeal must be dismissed. It is so ordered.

EATHER and MERRILL, JJ., concur.

L.Ed. 739 it was thought proper, for particular reasons not appearing here, that the case be remanded to the lower court with instructions to set aside its judgment and enter one abating the action by reason of the death of the defendant.