BODLE v. LAFAYETTE NATIONAL BANK.

[No. 19,678. Filed November 16, 1964. Rehearing denied December 16, 1964.]

*Thomas W. Munger* and *J. Frederick Hoffman,* both of Lafayette, for appellant.

*Stuart, Branigin, Ricks & Schilling,* of counsel, and *Russell H. Hart,* and *Thomas L. Ryan,* all of Lafayette, for appellee.

KELLEY, J.—The named appellant, Ella Bodle, instituted action on August 5, 1959 against appellee, seeking damages for personal injuries allegedly sustained on August 7, 1957, as the proximate result of the alleged negligence of appellee. Upon issues duly joined, the

cause was submitted for trial by jury in the Superior Court of Tippecanoe County. At the close of all the evidence, the trial court, upon appellee's motion therefor, directed a verdict for appellee. From the judgment for appellee rendered on such verdict, said appellant brought this appeal.

Appellant filed her transcript and assignment of errors with the Clerk of this court on July 25, 1961 and pursuant to Rule 2-14 the appeal was submitted on said date. Oral argument of the questions presented by the assigned errors was heard by this court on June 23, 1964. On July 21, 1964, prior to any opinion rendered by this court, said appellant died from causes other than the personal injuries complained of. On July 23, 1964 appellee filed herein its motion to dismiss this appeal on the ground that any action appellant "may have had for personal injuries does not survive."

Appellant's counsel, in opposition to appellee's motion to dismiss, urges that the case of *Stewart* v. *Marson Construction Corporation et al.* (1963), 244 Ind. 134, 191 N. E. 2d 320, relied upon by appellee, is not in point with the instant case because "there is no showing that the appeal had been submitted on the date of appellant's death." However, the record in that case discloses that the appeal was submitted on March 28, 1962, the appellant died on January 12, 1963, and the opinion was rendered as of June 25, 1963.

Appellant's counsel further contends that the final sentence of Acts 1955, Ch. 257, §1, page 666, the same being §2-403, Burns' 1956 Replacement (with the exception of the increase in amount of recovery), "clearly indicates that a personal injury action does survive the death of the plaintiff." This statute was in effect at the time of the injury to the appellant (November 2,

1956) in the aforementioned Stewart case, and we must, therefore, conclude that the Supreme Court, in reaching its conclusion in the said Stewart case, was not oblivious to the provisions of said §1 of Ch. 257, Acts 1955, including the referred to last sentence thereof, and that the Supreme Court apparently considered that the last two sentences of said act bore reference to a situation created by the death of the defendant to the action for damages for personal injuries or wrongful death and the limitation of the financial liability of such defendant's estate.

Counsel for the deceased appellant propose that the provisions of §2-403, Burns' Cum. Supp., containing the amendment supplied by Acts 1959, ch. 309, §1, page 786, have pertinency here, since the instant action was filed subsequent to the effective date of the 1959 amendment. However, in the case of *Malone* v. *Conner* (1963), 135 Ind. App. 167, 189 N. E. 2d 590, and in *Stewart* v. *Marson Construction Corporation, supra,* it was held, for the reasons given that the said Act of 1959 has no retroactive application where the personal injuries were received prior to the effective date (March 13, 1959) of the 1959 amendatory act.

Much is said by the record counsel for the named appellant concerning the advanced proposition that "having carried the cause beyond submission, appellant is entitled to have it determined." §2-3235, Burns' 1946 Replacement, providing in substance that if the death of a party occurs after submission of the cause, the judgment shall be rendered as at the time at which submission was made, is relied upon by counsel in support of the proposition. We notice, as previously referred to, that said proposition found no efficacy in the case of *Stewart* v. *Marson Construction Corporation, supra.*

It is suggested by counsel that said statute may not have been brought to the attention of the court. However, the suggestion is in no way substantiated and we are disinclined to indulge an assumption that the Supreme Court, in arriving at its decision under the particular circumstances of that case, was without notice or knowledge of the provisions of said §2-3235, Burns' 1946 Replacement.

Nevertheless, we think that in the present case, said §2-3235 must be interpreted and construed in the light of §2-403, Burns' Cum. Supp., as the latter stood and was phrased on the date appellant's alleged injuries were sustained, viz: August 7, 1957. The action now before us was in tort for alleged negligence resulting in personal injuries to appellant. In *Stewart* v. *Marson Construction Corporation, supra,* it was held that under the provisions of Acts 1955, ch. 257, §1, page 666, (in effect at the time of appellant's injury) a cause of action for injury to the person did not survive the deceased injured party. The vital and controlling factor when the injured party dies, is not whether such party died before or after submission of the cause but whether that party, at the time of death, possessed merely a pending cause of action for personal injuries destructible by death, or possessed a right merged in the verdict, finding, or judgment.

If at the time of death appellant possessed a mere pending cause of action, as seems conceded, then such cause of action, under the terms of Acts 1955, ch. 257, §1, p. 666, as determined in the aforesaid Stewart case, died with appellant, the appeal abated, and, there being no question of general public interest, the real question in controversy became moot. Under the facts appearing herein, nothing contained in said §2-3235 has sufficient

virility to change or alter the aforementioned result, regardless of the time or date of submission. We call attention to the holdings in *Stout, Admr.* v. *The Indianapolis and St. Louis Railroad Co.* (1872), 41 Ind. 149; *Hudson* v. *Indiana Union Traction Company* (1912), 50 Ind. App. 292, 98 N. E. 188; *Hartleroad* v. *Seward* (1936), 101 Ind. App. 254; 199 N. E. 168. Where the death occurs after the action for personal injuries has become merged in the verdict, finding or judgment, see, in general, the following: *Hilker, Administratrix* v. *Kelley* (1892), 130 Ind. 356, 30 N. E. 304; *Craft* v. *Stone* (1919), 74 Ind. App. 71, 124 N. E. 473.

Appellee's motion to dismiss is sustained and the appeal is dismissed.

Hunter, C. J., and Mote and Pfaff, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 184.